The Chief Justice
delivered the opinion of the court.
An alternative writ of mandamus was issued upon the petition of Henry Proseus, by the Judge of the Sixth Circuit, requiring the appellee, the sheriff of Hillsborough county, to levy an execution issued in favor of relator aginst the property of one Kennedy upon a decree rendered.- Relator pointed out certain real estate as the property of Kennedy, and demanded of the sheriff that he levy upon and sell it. The sheriff declined on the ground that the property was recorded in the name of Kennedy’s wife. Respondent moved to dismiss the alternative writ, and the motion was granted and judgment rendered for costs against the relator, who appeals.
While it is true that in a great variety of cases a writ of mandamus will lie aginst ministerial officers to compel the performance of a clear legal duty, it is also a well established rule that the relator must be clearly entitled to the remedy sought by the writ High on Ex. Rem., §10 and authorities cited.
In the present case the thing required of the sheriff is, that he levy and sell real estate, the legal title to which is held in the name of the 'wife of the defendant in execution. The plaintiff, who is the relator, here pointed out tire property and requested the sheriff to levy, asserting that the title is held by the wife, though in fact and in equity it belongs to the husband. The plaintiff has not a clear, legal right to subject the property to sale for the debts of the husband, because the legal title is not in the husband. The presumption of law upon this fact is that the property is in law and in equity the separate property or estate of the wife. A wife, in this State, may hold real and personal property not subject to the debts of the husband.
Upon the return of an- execution unsatisfied, the plaintiff by a creditor’s bill or other appropriate proceeding may establish the liability of such property to pay the husband’s debt, and a decree to that effect would remove any doubt. Until then, however, the plaintiff has not a clear; legal right to subject the property, and the sheriff may not - be compelled to levy upon it. The question, whether property held by the wife is liable for debts of the husband, cannot be tried in a proceeding by mandamus. The inquiry is incompatible with the nature of this process.
A-gain, the proceeding by mandamus can only be restored to where there is no other adequate legal remedy to accomplish the purpose. The plaintiff wants to make his money; he has nothihg' else in view. If a sheriff refuses to execute the writ, when it is his duty to- execute it, the plaintiff may have his action at law aginst 'the sheriff.
We have not found any case decided by the courts, allowing a mandamus to compel a sheriff to make a levy -under an execution in his hands. The court has such control over its officer, and the plaintiff has such right of action for willful neglect of duty, that it seems hardly possible that a mandamus should be resorted to, though Moses on Mandamus, page 60, suggests that such writ may lie when other remedies pTOve to be inadequate. But that point has not been reached in this case.
The judgment of the Circuit Court is affirmed with costs.