THE STATE OF FLORIDA EX REL CHARLES E. BRADLEY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF CALVIN W. BRADLEY, DECEASED, RELATOR, VS. W. N. CONE, AS SHERIFF OF COLUMBIA COUNTY, FLORIDA, RESPONDENT.

Mandamus does not lie to compel the sheriff to sell real estate levied upon by him, under an execution issued upon an ordinary money judgment, as in such case the relator has other adequate remedies at law against the sheriff for his neglect of duty.

This is a case of original jurisdiction.

*R. W. Williams* for Relator.

*W. N. Cone in pro per.*

CARTER, J.:

This court on January 22nd, 1895, upon petition of the relator, issued an alternative writ of mandamus to respondent commanding him to sell according to law certain real estate levied upon by him under an execution more fully described hereinafter, and to collect the amount due upon said execution, or show cause before this court why he had not done so on February 5, 1895.

From the recitals of the alternative writ it appears that on May 8, 1894, the relator obtained judgment against Geo. A. Lamb, N. M. Bowen, H. H. Emmons and William Hardon for $286.19 and costs, in the Circuit Court of Leon county; that thereafter, on May 10, 1894, a writ of execution issued upon said judgment from said court, addressed to all and singular the sheriffs of the State of Florida to execute; that this execution was by the sheriff of Leon county transmitted to respondent with instructions to levy and collect same from property in Columbia county subject thereto; that respondent received said writ, and about May 24, 1894, levied same upon certain real estate in Columbia county as the property of said William Hardon, and advertised same to be sold on the first Monday in July, 1894; that, disregarding his duty in the premises, the respondent declined to sell the property as advertised, and declined and refused to readvertise or to take any other or further steps to sell said property to satisfy the execution, although relator had repeatedly demanded of him to proceed with said sale. The respondent's return denies none of these allegations, but insists that his refusal to sell was rightful, because, as he alleges, the judgment upon which said execution issued was recovered in Leon county Circuit Court, and a transcript thereof had never been recorded in the proper record of Columbia county where the real state levied upon was situated; that for this reason the judgment was not a lien upon the land, and he had no power to sell under the execution issued thereon from the Leon county Circuit Court. Respondent further alleges that he had offered to proceed with the sale if relator would give an indemnity bond, which the relator had declined to do. Relator moves to quash the return and to issue the peremptory writ against respondent, upon the ground that the return

does not set forth sufficient facts to justify respondent's refusal to sell under the writ of execution.

In State *ex rel.* Proseus v. Craft, 17 Fla, 722, it was said, in a case somewhat similar to the present one, that "the proceeding by mandamus can only be resorted to where there is no other adequate legal remedy to accomplish the purpose. The plaintiff wants to make his money; he has nothing else in view. If a sheriff refuses to execute the writ, when it is his duty to execute it, the plaintiff may have his action at law against the sheriff. We have not found any case decided by the courts, allowing the mandamus to compel a sheriff to make a levy under an execution in his hands. The court has such control over its officer, and the plaintiff has such right of action for wilful neglect of duty, that it seems hardly possible that a mandamus should be resorted to, though Moses on Mandamus, page 60, suggests that such writ may lie when other remedies prove to be inadequate. But that point has not been reached in this case." In that case the sheriff of Hillsborough county declined to levy an execution in favor of relator against one Kennedy, upon certain real estate pointed out to him by relator as the property of Kennedy, basing his refusal upon the ground that the property was recorded in the name of Kennedy's wife. This court affirmed a ruling of the Circuit Court of Hillsborough county, dismissing an alternative writ of mandamus against the sheriff requiring him to make the levy or show cause to the contrary. The remarks quoted from that case are quite applicable to, and we think decisive of, the present one. The writ of mandamus was never intended as a substitute for other remedies, but rather to afford relief in cases of clear legal right, where other remedies do not exist or are inadequate. There are unquestionably ministerial duties of a sheriff that can be enforced by manda-

mus, as where he refuses to execute a writ of possession for specific property (Fremont v. Crippen, 10 Cal. 211 S. C. 70 Am. Dec. 711), but cases of this kind are clearly distinguishable from the one at bar. In the former, the plaintiff in the writ is entitled to possession of specific property, and in such case no form of action at law or in equity against the sheriff can give him adequate relief; that is, possession of the property. In this case, however, the relator is entitled to nothing but the money on his judgment, and if the sheriff declines to collect it when it is his duty to do so, the relator has adequate remedies at law to recover damages for the respondent's refusal or neglect to perform his duties, (Love v. Williams, 4 Fla. 126) and in such case mandamus will not lie to compel the sheriff to levy or sell. Habersham v. Sears, 11 Oregon, 431, 5 Pac. Rep. 208, S. C. 50 Am. Rep. 481.

Without determining whether the return of the respondent discloses a valid excuse for his failure to sell the property levied upon, we are of opinion that the alternative writ fails to show a case entitling relator to the peremptory writ. The motion to quash is, therefore, refused, and the peremptory writ denied, with costs against the relator.