E. S. ARMSTRONG, AS SHERIFF OF MADISON COUNTY, FLORIDA, AND S. S. ROUNTREE, AS SURVIVING PARTNER OF ROUNTREE & COMPANY, *Plaintiffs in Error* v. RICHARD J. STANSEL, *Defendant in Error.*

1. Previous to the going into effect of chapter 4914, laws of 1901, a proceeding by mandamus did not lie to compel a sheriff to execute a writ of *fieri facias;* the plaintiff having other remedies at law against the sheriff.

2. Under chapter 4914, laws of Florida, an officer who refuses to do so may be compelled by mandamus to levy an execution; but this act does not go to the extent of authorizing the court by. mandamus to compel the officer to sell property upon which he has levied.

This case was decided by Division A.

Writ of error to the Circuit Court for Madison county.

### Statement.

On May 12th, 1903, Richard J. Stansel filed a petition in the Circuit Court of Madison county for a writ

of mandamus against E. S. Armstrong, sheriff of said county, and an alternative writ was issued containing in substance the following averments, *viz*: That on September 25th, 1893, Richard J. Stansel, the petitioner, brought a suit by attachment in the Circuit Court of Madison county against Dan Brown, Hardy Brown, Dave Brown and June Brown; that attachment issued was placed in the hands of E. F. Dickenson, the then sheriff, who by virtue thereof levied upon and took into his possession four mules, two horses, and a mare and colt, the property of said Browns; that S. S. Rountree, surviving partner of the firm of Rountree & Company, filed a claim for said property, and gave bond, with Archie Livingston and E. W. Irvine as sureties, in the sum of $650, as required by law, and that said property was delivered to said Rountree; that Rountree's pretended claim was based on a mortgage against said Browns, given to secure $125; that said claim was tried and judgment given for the claimant; that Stansel took a writ of error from said judgment to this court, which reversed the said judgment and remanded the case; that another trial resulted in a verdict for Stansel, the petitioner, and a judgment against Rountree and his two sureties, for the sum of $340.00 and costs, upon which execution issued and was placed in the hands of Sheriff Armstrong; that the claimant sued out a writ of error in this court from said judgment; that this court affirmed the said judgment; that Stansel obtained a judgment against the Browns in his original suit in 1893, for $340 and costs; that the Browns have no other property in Florida than the above mentioned horses and mules attached as aforesaid; that the execution issued on the judgment against the Browns and the execution issued against Rountree and his sureties, were, on April 21st, 1899, both in the hands of Armstrong, sheriff of Madison county, and plaintiff in error here; that demand was made on A. Livingston for said stock, Rountree being absent in the State of Georgia, and that Livingston failed and refused to deliver same; that afterwards, on April 7th, 1903,

Rountree delivered some of said property so attached to Armstrong, sheriff, to-wit: three mules and two horses, claiming that two had died, and he could not deliver them, but paid in lieu thereof $75 to the sheriff; that Stansel by his attorney directed the sheriff to levy on said horses and mules under both of the executions then in his possession, which was done by him; that after the delivery of said property to the sheriff he gave the same back to Rountree under some pretended claim, and refuses to deliver to Stansel or his attorney the $75 so collected as aforesaid, and that Rountree took the same into his possession, so that the Browns have no property whatever in the State of Florida, and that Rountree has none except a lot of land situated in the town of Madison, in Madison county; that Armstrong, sheriff, has levied upon said property under both executions and also upon two pieces of land, one belonging to Rountree, and one to Archie Livingston, and that he has caused to be published in the Madison Recorder, a newspaper published in Madison county, a notice of the sale of said property on first Monday in June, 1903, as required by law, which notice is now pending, and that the land levied on as Rountree's is all he has in Florida, and is not sufficient to satisfy said execution; that Armstrong, sheriff, refuses to deliver to petitioner the $75 collected, and has discontinued said advertisements and abandoned said sales, and will make no sale unless commanded by the court to proceed. The alternative writ commanded Armstrong to allow the advertisement to continue to be published, to carry out said sale, and to pay over the $75 so collected, or to show cause on May 18th, 1903.

The respondent Armstrong moved to quash the alternative writ on fifteen grounds, among them, first, that the allegations of the writ are not sufficient; fifth, that it is not alleged that the petitioner has no other adequate remedy at law; eighth, that the writ does not lie to compel respondent to advertise and sell property under executions at law. This motion was denied on May 26th, 1903.

47 Fla.—5

On May 25th, 1903, S. S. Rountree as surviving partner of Rountree & Company filed a petition to be made a party defendant, which was granted, and subsequently returns were filed to the alternative writ by Armstrong and Rountree, which returns were demurred to by relator. On a hearing of said demurrers, the judge made an order directing Armstrong, sheriff, to pay H. J. McCall, attorney for relator, in five days, the $75 paid to Armstrong by Rountree, and also that if the two horses and four mules levied on by him should be returned to him within five days from date that he proceed to levy and sell the same as required by law under execution for $340 and costs, less $75 in favor of Stansel v. the Browns, and if the same should not be delivered to him, the said sheriff, within five days, that he proceed to levy on and sell any property in Madison county belonging to S. S. Rountree and his sureties, or so much as may be sufficient to pay execution for $340, less the $75 mentioned. From this judgment a writ of error is sued out from this court.

*Chas. E. Davis* for plaintiff in error.

*H. J. McCall* (with whom was *John G. McCall* on the brief) for defendant in error.

HOCKER, J. *(after stating the facts)*.—Among the assignments of error here is one that the court erred in denying the motion of E. S. Armstrong, one of the defendants in error, to quash the alternative writ.

In the case of *State ex rel. Proseus v. Craft,* 17 Fla. 722, this court held that the proceeding by mandamus can only be resorted to where there is no other adequate legal remedy to accomplish the purpose, and that if a sheriff refuses to execute the writ (execution) when it is his duty to execute it, the plaintiff may have his action at law against the sheriff. In the case of *State ex rel. Bradley v. Cone,* 40 Fla. 409, 25 South. Rep. 279, the doctrine of the case of *Proseus v. Craft, supra,* was referred to, approved and

thoroughly elucidated, and in applying it the court says: "Mandamus does not lie to compel the sheriff to sell real estate levied upon by him under an execution issued upon an ordinary money judgment, as in such case the relator has other adequate remedies at law against the sheriff for his neglect of duty." It further says: "There are unquestionably ministerial duties of a sheriff that can be enforced by mandamus, as where he refuses to execute a writ of possession for specific property (*Fremont v. Crippen,* 10 Cal. 212, S. C. 70 Am. Dec. 711), but cases of this kind are clearly distinguishable from the case at bar. In the former the plaintiff in the writ is entitled to possession of specific property, and in such case no form of action at law or in equity against the sheriff can give him adequate relief; that is possession of the property. In this case, however, the relator is entitled to nothing but the money on his judgment, and if the sheriff declines to collect it when it is his duty to do so, the relator has adequate remedies at law to recover damages for the respondent's refusal or neglect to perform his duties (*Love v. William,* 4 Fla. 126), and in such case mandamus will not lie to compel the sheriff to levy or sell. *Habersham v. Sears,* 11 Oregon 431, 5 Pac. Rep. 208, S. C. 50 Am. Rep. 481." The doctrine of these cases is modified by chap. 4914, laws of Florida, 1901, to the extent that an officer who has in his hands an unsatisfied execution, and whose duty it is to *levy it,* and who refuses to levy it upon property liable thereto, may be compelled by mandamus proceedings to do so; but this statute does not go to the extent of authorizing the court by mandamus to compel the officer to *sell* the property upon which he has levied. Doubtless there were several reasons apparent to the legislature why the power conferred was confined to the power to compel a levy, as after a levy has been made questions as to the right of property might arise, which it would be inconvenient to determine in mandamus proceedings. In the case at bar there is in the alternative writ a distinct allegation that the respondent sheriff has

already levied on the property, and the command thereof is that he continue the advertisement and carry out the sale. It is apparent, therefore, that this case is not within the purview of chap. 4914, laws of 1901, but that it must be controlled by the case of *State ex rel. Bradley v. Cone, supra.*

We are of opinion that the order of the Circuit Judge denying the motion to quash the alternative writ was erroneous, and, therefore, it is considered and ordered that the judgment be reversed at the cost of the defendant in error, and that the cause be remanded for further proceedings in accordance with this opinion.

TAYLOR, C. J., and COCKRELL, J., concur.

CARTER, P. J., and SHACKLEFORD and WHITFIELD, JJ., concur in the opinion.