STATE EX REL. BURTSCHER v. SERENO B. CHAMBERS (SHERIFF).

1. MANDAMUS TO COMPEL SHERIFF TO LEVY EXECUTION REFUSED, WHEN ADEQUATE REMEDY AT LAW FOR FAILURE.

Mandamus will not lie where there is a plain and adequate remedy by due course of law; the fact that the remedy by mandamus is more speedy than an action at law is not, alone, a sufficient reason for issuing the writ. Section 6744 Rev. Stat. which adopts this rule, is only declaratory of the common law. Hence, as an action at law may be maintained against a sheriff on his official bond for the damages resulting by reason of neglect to levy an execution against the property of a judgment debtor to satisfy a money judgment; and as the sheriff may also be amerced therefor under Sec. 5594 Rev. Stat., and as the measure of damages in such case is clear and free from difficulty, where it also appears that the judgment debtor will, in all probability, continue solvent so that its property may be reached during the life of the writ, and the execution satisfied; in such case, a writ of mandamus will not issue to compel the sheriff to make the levy.

2. "ADEQUATE REMEDY AT LAW" DEFINED.

The existence of a right of action at law to recover a personal judgment, where the measure of damages is clear and free from difficulty, and the ultimate right and purpose is to obtain pecuniary satisfaction, constitutes an "adequate remedy at law."

3. JUDGMENT DEBTOR MAY TAKE FULL TIME TO FILE PETITION IN ERROR.

As a judgment debtor has four months within which to file a petition in error in the circuit court, it may pursue any legitimate means to avail itself of all the time allowed by statute. In so doing it cannot be said to be guilty of culpable conduct.

MANDAMUS.

C. A. Thatcher, for plaintiff.

E. D. Potter, for defendant.

## PARKER, J.

This is an application by petition and motion for a writ of mandamus to issue to command the sheriff to levy upon certain property belonging to the Lake Shore railroad company which it is said had been pointed out to the sheriff for that purpose by the relator.

It appears from the petition that the relator recovered a judgment at the January term, 1904, against the Lake Shore & Michigan Southern Ry. Co. for the sum of $7,500 and costs. The judgment is in full force. On April 25, 1904, an execution was issued on that judgment by the clerk of the court of common pleas of Lucas county, and placed in the hands of the sheriff. It is averred in the petition herein that the railroad

company has abundant personal property in Lucas county, out of which to satisfy the judgment; and, as I have said, it is averred that the relator has pointed out to the sheriff certain personal property, and has requested the sheriff to make a levy thereon. The petition further states that the sheriff has failed and refused to make said levy, and still fails and refuses to make the same, without any reason for such refusal and failure; that no proceedings have been taken by the said defendant to prosecute error from the said judgment, and no bond has been given in stay of execution thereon. The relator says that because of this action, or nonaction, upon the part of the sheriff, he is unable to realize the amount due him upon said judgment; that he is without remedy in the premises, unless it be afforded by the interposition of this court. Therefore he prays for a writ commanding the sheriff to levy upon this property which he says he has pointed out.

The case comes up upon an application for either an alternative or a peremptory writ, whichever may be deemed proper.

It was suggested by counsel who appeared on behalf of the sheriff and as well upon behalf of the railroad company, that an alternative writ might be issued, and the questions made upon the answer to that writ. But it seemed to the court from the first that whether even an alternative writ should issue was exceedingly doubtful. Therefore we thought proper to have the matter presented upon motion, and we have concluded that the writ should not issue.

The statute provides, in accordance with the well-settled rules of the common law upon the subject that have been in force for a long time, that the writ shall not issue if there is a plain and adequate remedy in the premises by due course of law. Section 6744 Rev. Stat. It will be observed that the petition does not set forth that the railroad company (the defendant in the other suit) is insolvent, or that there is any danger that this abundance of property, which the relator says the defendant has in this county, will be gotten out of the reach of the sheriff during the life of this writ, or any time in the future, so that the sheriff will not have an opportunity to obtain satisfaction of the writ out of this property. But the relator insists that the statute requires that the sheriff shall proceed immediately, under his writ, to levy upon the property of the defendant that can be reached, and obtain satisfaction of the writ. The statute on the subject contains language indicating that the sheriff should proceed promptly. The word "immediately" is used in the statute. It appears that the writ has sufficient time yet to run, so that the sheriff may wait several weeks, and yet have time to levy upon personal property

and expose it for and bring it to sale during the life of the writ. But the relator insists that the sheriff must proceed at once, and he insists through his attorney that the railroad company is backing the sheriff in such a way as to encourage him to delay action upon this writ, with the ulterior purpose of having the matter drag along for a while, and then file his petition in error and bond in this court, for the purpose of having the matter go over the summer adjournment; whereas, the relator is anxious to have the matter brought to a speedy hearing in this court before the summer adjournment.

Since the law provides that the defendant railroad company may have four months within which to file its petition in error, and it may pursue any legitimate means to avail itself of all the time allowed by the statute, of course it cannot fairly be said that in so doing it it is guilty of anything culpable. On the other hand, it is quite apparent, in the absence of averments that the railroad company is insolvent or that this property is likely to get beyond the reach of the sheriff, that the complainant here has an ulterior purpose, which may be entirely proper and laudable, to compel the defendant below to file its petition in error and bond in a shorter time than the four months which the statute gives it.

But laying aside those considerations, which can have little if any influence upon our determination of this matter, the real question is, whether the relator has a right under the law to this writ, under these circumstances. It is insisted upon by the relator that he should not be driven to an action for damages against the sheriff, because that might result in his being compelled to enter upon further litigation to obtain another judgment upon which he might have the same trouble about obtaining satisfaction, and so on without limit. He insists, therefore, that he should have this right of requiring the sheriff to proceed to obtain satisfaction of the judgment which he has already obtained. Ordinarily, as we read the law, the right to an action at law to recover a personal judgment, where the measure of damages is clear, and there can be no difficulty about it, and the ultimate right and purpose is to obtain pecuniary satisfaction, is an adequate remedy at law.

It is quite evident that the ultimate purpose here is to obtain a satisfaction in money of the judgment obtained in the court below. If the sheriff shall do any wrong, shall omit to perform any duty whereby the satisfaction of this judgment is not obtained or is lost, he is liable upon his bond. It is laid down by the authorities that the fact that the proceeding by mandamus may be a more speedy remedy than the action at law to recover a money judgment does not afford a sufficient reason for proceed-

State v. Chambers.

ing by mandamus rather than by action at law. I cite on this point, Merrill, Mandamus Secs. 52, 53, in which is given a great many instances where one having an action at law to recover a money judgment is held to have an adequate remedy at law. I also cite State v. Meiley, 22 Ohio St. 534. The same matter is discussed in Moses, Mandamus 60. I call attention to State v. Craft, 17 Fla. 722. This is a case that resembles the case at bar more closely than any other case we have been able to find. It was a proceeding against a sheriff to compel him to execute a writ which called for satisfaction in money. We are cited to many cases, and find many cases, where the sheriff is required to proceed under a writ of execution to do something else than to obtain pecuniary satisfaction, where he has been compelled to proceed by mandamus; for instance, to oust one from premises and deliver same to another, and to give other specific relief than money satisfaction. This, however, was an ordinary writ of execution upon which the sheriff was required to make the money. The chief justice in delivering the opinion points out that there was some difficulty, or possible difficulty, about the title to the property which the sheriff desired to levy upon in this case, and that, it was stated, would afford a sufficient reason for not issuing mandamus; but the court says this beside:

"Again, the proceeding by mandamus can only be resorted to where there is no other adequate legal remedy to accomplish the purpose. The plaintiff wants to make his money; he has nothing else in view. If a sheriff refuses to execute the writ, when it is his duty to execute it, the plaintiff may have his action at law against the sheriff.

"We have not found any case decided by the courts, allowing a mandamus to compel a sheriff to make a levy under an execution in his hands. The court has such control over its officers, and the plaintiff has such right of action for willful neglect of duty, that it seems hardly possible that a mandamus should be resorted to, though Moses on Mandamus, page 60, suggests that such writ may lie when other remedies prove to be inadequate. But that point has not been reached in this case.''

Moses, Mandamus 60, says this:

"If a summons or execution is placed in the hands of a sheriff to be served, and he neglects or refuses to serve it, the party in whose favor it was issued has a remedy by action against the sheriff, and therefore, as an ordinary rule, a writ of mandamus would not lie to compel him to serve them. There may, however, be cases, where such remedy by action would be inadequate, in which case no doubt a mandamus would lie to compel the sheriff to perform his duty.''

We have no fault to find with that statement of the law; but we take it that where the case is presented of an apparently solvent defendant, who is likely to retain the property, so that the sheriff may reach it during the life of the writ, and where the proceeding is to obtain satisfaction in money, so that an action may he had against the sheriff upon his bond, and there will be no difficulty about the measure of damages, there is an adequate remedy at law, and the sheriff may not be proceeded against in this way.

There is another remedy at law provided by statute. Sec. 5594 Rev. Stat. provides for a very summary process and remedy. It is as follows:

"If an execution or order of sale, directed to an officer, come to his hand to be executed, and he neglect or refuse to execute it; or if he neglect or refuse to sell property of any kind which, by any writ or order, he is directed to sell; or fail to call an inquest, or to return to the clerk's office a copy of the certificate of appraisement made by the inquest; or neglect to return to the proper court an execution or order of sale to him directed, on or before the return day thereof; or neglect to return a correct inventory of personal property taken on execution, unless he return that the amount of the judgment, including costs, has been paid to him; or neglect, on demand, to pay to the person entitled thereto, any money by him collected or received for the use of such person, at any time after he collects or receives the same; or neglect or refuse, on demand, to pay to the judgment debtor all money by him received on any sale made, beyond what is sufficient to satisfy the writ or order of sale, with interest and costs, such officer shall, on motion in court, and notice thereof, in writing, as provided in the next section, be amerced in the amount of such judgment, including costs, with ten per cent thereon, to and for the use of such plaintiff or defendant, as the case may be."

Under this statute it is not necessary to bring another action. It is only necessary to proceed by motion in the court where the judgment is obtained, and if the sheriff is chargeable with declining to execute his writ, the remedy is very simple and very summary. It was adopted in Graham v. Newton, 12 Ohio 210 (for this is not a new statute); there the sheriff was amerced for refusing to levy and obtain satisfaction of a judgment, and the ten per cent was added. He instituted proceedings to obtain a reversal of the judgment, and the Supreme Court affirmed the judgment, saying that the only fault with it was that the lower court had failed to compute and add the interest before computing the ten per cent penalty; that the ten per cent penalty should have been computed upon the original judgment, interest thereon, and costs, and added.

State v. Chambers.

thereto. If the sheriff is in fault in this matter, as complained by the relator, here is another very simple and very effective remedy afforded by the statute.

Whether he is in fact at fault in not making an immediate levy is a question about which we now express no opinion, leaving that for the court where the proceeding may be instituted.

For the reasons stated the writ will be refused and the petition dismissed.

**Hull** and **Haynes, JJ.,** concur.