### D. P. HOLLON v. HATTIE S. HALE.

Decided April 22, 1899.

**Judgment—Satisfaction of Set Aside.**

Plaintiff in judgment who purchases the property of another than the defendant at an execution sale thereunder and credits the bid upon the writ, is entitled to have such satisfaction of the judgment set aside upon ascertaining that the defendant had no title, although he had notice of the claim of the owner of the land at the time of the sale.

ERROR from Lamar. Tried below before Hon. E. D. McCLELLAN.

*Dudley & Moore* and *H. D. McDonald,* for plaintiff in error

*Hale & Hale,* for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a motion filed by defendant in error as plaintiff against plaintiff in error as defendant, to set aside and cancel the satisfaction theretofore entered on a certain execution issued on a judgment of said court in favor of said Hale against said Hollon, on the ground that plaintiff got no title to the property she

bought in satisfaction thereof. Defendant resisted the motion on the ground that the rule of caveat emptor precluded the relief sought in such cases. On the hearing of said motion by trial without a jury, the court rendered judgment setting aside and canceling such satisfaction, and reviving the judgment and awarding execution thereon the same as if no such satisfaction had ever been entered. To said judgment and the findings of law and fact filed, Hollon duly excepted, gave notice of· appeal, and brings up his case in writ of error.

The material facts, which are shown in the findings, are as follows:

"In No..5752, of Hattie S. Hale v. D. P. Hollon, the plaintiff, Hattie S. Hale, owned and held a judgment of the District Court of Lamar County, Texas, against the defendant, D. P. Hollon, which was the enforcement of a vendor's lien on certain real estate in Paris, Texas (Lamar County), dated in April, 1894, for near $2500, and the lien was enforced and the real estate sold thereunder, and there was a balance left unpaid on her judgment of about $1300. Afterwards, and in June, 1894, among others, an abstract of said judgment with balance due thereon, was duly and legally filed, recorded, and indexed as provided by law, in McLennan County, Texas; on the 15th day of October, 1894, an execution was duly issued by the clerk of said court on said judgments for a balance due on each, and levied on an undivided interest of defendant in certain real estate in McLennan County, as the property of D. P. Hollon, which was duly sold by the sheriff of McLennan County on the first Tuesday in December, 1894, at Waco, after advertising, etc., as the law requires, and at said sale V. W. Hale, who was the agent and attorney of Mrs. Hattie S. Hale and the other plaintiffs in execution, bought said property, in trust for them, but had the deed made by the sheriff made to him for convenience, but held it in trust for them, and the amount of her, Hattie S. Hale's, bid was about $1300, which, after paying the costs in cash, was credited on the execution, and it returned 'satisfied.' At said sheriff's sale at Waco one W. R. Hollon, brother of D. P. Hollon, gave notice that the property about to be sold was not the property of the latter but was the property of him, the said W. R. Hollon, and the agent of plaintiffs in all the several executions was present when said notice was given, he having purchased it from D. P. Hollon before that time.

"The abstracts of said judgments were filed, recorded, and regularly indexed in June, 1894, and prior to any transfer from D. P. Hollon to W. R. Hollon of the property levied on. At the time the abstracts were filed the property (real estate) afterwards levied on and afterwards sold by the sheriff, was the property of one S. E. Hollon, who was a sister of D. P. and W. R. Hollon, and she was a non compos mentis, and had been from infancy, and she was then aged and infirm, and at her death D. P. Hollon would by inheritance be entitled to one-third of her property. Some time in October, 1894, she died intestate, after which the execution of Mrs. Hattie S. Hale (who was the widow of V. W. Hale's deceased brother) was issued and levied on the property, together with other executions, controlled by V. W. Hale, the levy being made on a

one-third interest therein, as the property of D. P. Hollon, and the sale made, and deed made to V. W. Hale, in his own name, but as matter of fact he purchased in trust for Mrs. Hattie S. Hale and others for whom he purchased at the same time.

"Subsequent to the sale and sheriff's deed to V. W. Hale, he, the said V. W. Hale, purchased the interest of Mrs. Hattie S. Hale and all others under whose executions the land was sold (except Elizabeth Carpenter's interest) and paid their debts, some of them in full, and he paid J. J. Miller, who also held a judgment against D. P. Hollon, under which the property was sold, a less amount than the whole judgment, by way of compromise agreement between them, by which purchase and payment said V. W. Hale became the owner of whatever interest D. P. Hollon had in said property at the time the executions were levied, if any, and of the judgments against Hollon under which the sale was made, and he, by agreement as well as by subrogation, had and has all the rights of the several plaintiffs in execution. Subsequent to the sheriff's sale and deed to V. W. Hale in trust, he brought suit in the District Court of McLennan County, Texas, against both D. P. Hollon and W. R. Hollon to cancel a deed made by D. P. Hollon to W. R. Hollon for all the interest the former had in and to the estate of his non compos mentis sister, S. E. Hollon, which was dated in June, 1894, and after all the abstracts of Hattie S. Hale, Elizabeth Carpenter (the said Elizabeth Carpenter having judgment against D. P. Hollon for about $1300), J. J. Miller, and Mrs. A. L. Ownby had been filed and properly recorded and indexed, and V. W. Hale bought D. P. Hollon's interest under all the executions in trust for plaintiffs therein. S. E. Hollon died in October, 1894."

The sole question raised by this appeal is, can the plaintiff in judgment, who purchases the property of the defendant at execution sale and credits the bid upon the writ, have such satisfaction of the judgment set aside upon its being ascertained that the purchaser got no title?

The decisions of this State as well as those of other jurisdictions are difficult to reconcile in their holdings upon this question. The question was incidentally before the Supreme Court in the case of Harle v. Langdon's Heirs, 60 Texas, 560, and it was there intimated that in such a case the rule of caveat emptor applies and that the relief will not be granted. On the other hand, it is held that a levy upon land in this State is not a satisfaction of the judgment. Cavanaugh v. Peterson, 47 Texas, 198. Again it is held that if the title of the land was not affected by the sale, the consequence is that the judgment debtor is the owner of his estate as before, and the judgment remains in force unaffected by anything done under the execution. Townsend v. Smith, 20 Texas, 465.

The case of Stone v. Darnell, 25 Texas Supplement. 435, is more nearly in point than any case we have found in the reports of this State. In that case Stone's land was sold under valid process and purchased by Darnell. Stone brought suit for the land on the ground that it was his homestead and not subject to levy and sale. He recovered. Stone v. Darnell, 20 Texas, 11. Darnell then brought suit against Stone for the

recovery of the purchase money paid by him, claiming that Stone got the benefit of the satisfaction of the judgment against him. It was held that he could recover. In that case the court uses the following language: "When the defendant recovered back the land by the judgment of a court of competent jurisdiction, the right of the plaintiff to have the money he had paid, and which had been applied in satisfaction of the execution, was perfect." 25 Texas Sup., 435.

We think the principles announced in the cases of Townsend v. Smith and Stone v. Darnell, supra, should be held applicable to this case.

It seems to be held in those cases that when real estate is sold at execution sale, as the property of the defendant in execution, to which it is ascertained he had no title, he may be held liable for the purchase money which has been thus applied in satisfaction of his judgment or debt.

This is the construction Mr. Freeman places on these decisions, and he treats the question as settled in this State in favor of granting the relief. Freem. on Judg., 4 ed., sec. 478, note 3; Freem. on Ex., 2 ed., sec. 352.

When we look to other jurisdictions we find an irreconcilable conflict in the decisions. Mr. Freeman states that there is a slight preponderance of the authorities in favor of granting the relief. Freem. on Judg., secs. 478, 478a. But counsel for the appellant contend that the purchaser had notice from the true owner of the land at the time of the sale that he had acquired the land and title was in him, and therefore the rule of caveat emptor should be held to apply. The same contention was made in the case of Cowles v. Bacon, 21 Connecticut, 451, same case, 56 American Decisions, 371, and the court in passing upon it held that the rule applies, although the plaintiff in execution when he caused his execution to be levied had notice from the records, or otherwise, that the defendant had executed a conveyance of the land levied on, but erroneously supposed that such conveyance was fraudulently made and was therefore, as to him, void. The court in that case uses the following language: "Such a mistake constitutes no just reason why the defendant should not pay the unsatisfied balance of the debt. The former neither got nor did the defendant lose anything by this mistaken levy."

It is held that the rule of caveat emptor has its legitimate force in precluding any idea of a warranty by the defendant in execution or by the sheriff. Ritter v. Henshaw, 7 Iowa, 98; Freem. on Judg., 4 ed., sec. 478.

We think it only equitable, where the defendant in execution has parted with nothing by the sale, that the plaintiff in judgment, who has acquired nothing by his purchase, should have his judgment restored to him as it was, previous to the sale and satisfaction.

Where the satisfaction of a judgment results from a sale under void or irregular process, the authorities in this State seem to be uniform that relief will be granted. Burns v. Ledbetter, 56 Texas, 582, and authorities there cited.

We regret that we have been compelled to decide this case on the brief of appellant only, the appellee having failed to file a brief in this court.

We conclude there is no error in the judgment, and it is affirmed.

*Affirmed.*

### ADDITIONAL CONCLUSIONS.

By an oversight we failed to embrace in the opinion certain findings of fact of the court below which were considered in preparing the opinion in this case. Our attention having been called to the matter, we file the same as additional conclusions of fact herein:

"Elizabeth Carpenter has never received from any source anything on her judgment against D. P. Hollon.

"W. R. Hollon resisted the suit brought against them by V. W. Hale to cancel the deed or conveyance of D. P. Hollon to W. R. Hollon, on the grounds that no title was in D. P. Hollon at the time of the levy of the executions, but that he had conveyed his expectancy in his sister's estate to W. R. Hollon before the date of the levy, and before the date of his sister's death, and that W. R. Hollon's title was good, and the District Court so held and decreed on a cross-bill filed by W. R. Hollon, and also entered a decree canceling the deed made by the sheriff to V. W. Hale, D. P. Hollon testifying on behalf of W. R. Hollon on his cross-bill, and that this judgment was affirmed by the Court of Civil Appeals and by the Supreme Court of Texas, and W. R. Hollon's title declared good, and neither of the plaintiffs in execution has ever received anything for the respective amounts credited on their respective executions arising out of the sale of the real estate in McLennan County, except that V. W. Hale paid them by and for his purchase of their interest in their respective judgments, and their interest in the land, if any, sold thereunder, and V. W. Hale has received nothing from any source for the amounts so paid by him, amounting to about $6350, and that said D. P. Hollon has never paid said amount or any part thereof, to him or anyone else."

Writ of error refused.