### A. D. SHREWSBURY v. P. F. ELLIS.

#### Decided June 13, 1901.

1.—Mandamus by District Court to County Clerk—Adequate Remedy—Costs and Fees.

A writ of mandamus from the district court will not lie to compel the clerk of the county court to enter on the probate fee book certain sheriff's fees in a guardianship proceeding in the county court, since there is an adequate remedy by motion in the county court to compel the entry of such fees.

2.—Same—Adjudication of Fees Necessary.

Before motion will lie to compel the clerk of the county court to enter on his fee book certain sheriff's fees in a guardianship proceeding, it is necessary that the fees should have been adjudicated, since the entry or taxation of the fees must show the party against whom they have been taxed.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Wolfe, Hare & Semple,* for appellant.

*Barrett & Freeman,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellant brought this suit in the District Court of Grayson County for mandamus to the appellee, as clerk of the County Court of said county, requiring him to enter in the probate fee book of said court two items of fees claimed by the appellant as accruing to him as sheriff of Grayson County for the service of process in two several cases on the probate docket of said County Court. The fees claimed were for mileage in posting notices of an application for guardianship, and of one for the sale of real estate. The petition set forth the facts showing the execution of the process and the sheriff's return thereof, with his fees indorsed, including mileage for the distance traveled in posting said notices as required by law, and alleged that the appellee entered in the probate fee book the items for notices, but, although requested by the appellant to do so, refused to enter said items of mileage in said fee book as a part of the costs in said probate cases, giving as a reason therefor that the appellant was not entitled to collect fees for mileage in the execution of such process. The court below sustained a general demurrer to the petition, and rendered judgment in favor of the appellee.

There are two prerequisites to the granting of the writ of mandamus.

First, it must be shown that the relator has a clear legal right to the performance of the particular act at the hands of the respondent; and second, it must appear that the law affords no other adequate or specific remedy to secure the enforcement of the right and the performance of the duty which it is sought to coerce. High's Extr. Leg. Rem., secs. 10, 15. The sheriff has a clear legal right to have his fees entered by the county clerk in the probate fee book, if they are such as he is authorized by law to receive whenever they have accrued. Rev. Stats., art. 1848. But if it should appear that the appellant has a specific or adequate remedy at law, the question of whether or not he is entitled to the fees claimed need not be decided. It would seem that the determination of the latter question is the purpose of the suit. It is therefore proper, since the question of remedy at law is in its nature jurisdictional, that it should be considered first.

The general jurisdiction of the district court to compel an officer by mandamus to perform a duty that is ministerial only will not be denied. Nor can it be denied that the county clerk can be compelled to make the entry in the probate fee book of such legal items of costs as have accrued to the appellant as an officer of the court. But the county court is a court of record, having general jurisdiction in probate matters, and has the inherent power to see that its records provided by law are properly kept, and to control and direct its officers and to enforce their obedience to all orders made in the exercise of its jurisdiction. Moore v. Muse, 47 Texas, 210; Works on Courts, sec. 27, p. 170, et seq. In all cases before the court it has power to tax and adjudicate costs, determining what are proper items of costs and against whom they should be adjudged. Upon the refusal of the clerk to enter in the fee book any proper item of costs that has accrued in favor of the sheriff, the latter officer, by a motion made in the case, can obtain an order from the court requiring the entry to be made, and the court would have power to enforce its order by fine for contempt. If the clerk should refuse to enter in the minutes of the court one of its decrees made in the progress of a cause, it would scarcely be contended that the party would have to invoke the jurisdiction of the district court for a writ of mandamus to compel him to enter it. That court would have no greater power to enforce its order than would have the county court. In probate proceedings any person who may consider himself aggrieved by any order, decree, or judgment of the county court may appeal to the district court of the county. Rev. Stats., art. 2225. And the jurisdiction of the district court over the county court in probate matters is appellate only. Franks v. Chapman, 60 Texas, 46. But the adequate legal remedy does not depend upon the right of appeal, although in probate proceedings it is given by statute. The case of Moore v. Muse is cited by the appellant as authority for the issuance of the writ in this case, but as the writ in that case was applied for to the court whose judgment was to be enforced and was denied, what the court said about the right to the writ is not authority for the issuance

by a district court to compel an officer of the county court to do an act which is peculiarly within the jurisdiction of the county court to see performed. Certainly, in order to invoke the jurisdiction of the district court, it should be shown that the county court had refused to act. High's Extr. Leg. Rem., sec. 82. But in such case the writ would probably go to the county judge. The authorities are not uniform that mandamus would not go to the clerk to compel the performance of a ministerial duty in a pending cause, but we think that where a pian and adequate remedy exists by motion in the cause invoking the aid of the court in which the cause is pending, it would be against the principles upon which the right to mandamus rests for another court to interfere by its writ. It seems that the authority of the county judge to compel the performance of the duty upon motion of the sheriff is clear, and such being the case, the appellant had an adequate legal remedy.

Another reason why the writ should not have been granted is that the right to have the fees entered in the probate fee book had not accrued because they had never been adjudged or adjudicated, and consequently the legal right to have them entered had not become perfect. The statute contemplates a taxation or entry of the fees after they have been adjudicated, since it is necessary that the entry should show the party against whom they have been adjudicated. There being no error in the judgment of the court below, it will be affirmed.

*Affirmed.*

Writ of error refused.