SEAGRAVES v. SCARBOROUGH.
(No. 5765.)

(Court of Civil Appeals of Texas. San Antonio.
Jan. 3, 1917.)

1. MANDAMUS ☞3(8)—SUBJECTS OF RELIEF—PROCEEDINGS AGAINST SHERIFF.

While if execution requires the restitution of certain property, mandamus may be the appropriate remedy, it will not lie to compel the sheriff to levy an execution issued on an ordinary money judgment, as an adequate remedy at law is provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 3776, providing that should an officer fail or refuse to levy an execution he and his sureties shall be liable to the full amount of the debt, etc., to be recovered on motion before the court from which the execution issued.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 20, 23, 27; Dec. Dig. ☞3(8).]

2. MANDAMUS ☞3(5)—REMEDY AT LAW.

Where a judgment provided that personal property be delivered to the sheriff by defendant within 10 days, that the sheriff should immediately deliver the same to plaintiff and re-

ceipt defendant therefor, and that the defendant upon filing of such receipt with the papers in the cause would be credited upon the judgment with the value of such property, and through the illness of the deputy sheriff, defendant, although he attempted to return the property within the 10 days, did not actually do so until thereafter, pursuant to an agreement with the deputy, plaintiff's remedy to ascertain whether the judgment was in fact satisfied in accordance with its terms was a suit between the parties, and not mandamus against the sheriff to compel the levy of execution on the property.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 20, 21, 23, 25, 34; Dec. Dig. ☞3(5).]

Appeal from Kleberg County Court; Ben F. Wilson, Judge.

Mandamus by O. R. Seagraves against J. S. Scarborough to compel respondent as sheriff to levy an execution. From a judgment denying the petitioner the relief prayed for, he appeals. Affirmed.

Hook & Hunt, of Kingsville, for appellant. Zeb V. Nixon and Pollard & Crenshaw, all of Kingsville, for appellee.

MOURSUND, J. On February 21, 1916, in a suit in the county court of Kleberg county, in which O. R. Seagraves sued T. E. Delbridge for a certain motorcycle, judgment was rendered in favor of plaintiff against said T. E. Delbridge and the sureties on his statutory replevy bond in sequestration, for $205, the value of the motorcycle, and it was provided in said judgment that defendant should have the right within ten days from the rendition of the judgment to deliver the motorcycle to the sheriff of Kleberg county, and that the sheriff should receive such property if it had not been injured or damaged since the replevy, and immediately deliver same to plaintiff, and receipt defendant therefor, and that the defendant should, upon filing such receipt with the papers in the cause be credited upon the judgment by the clerk with the value of such property so returned. The costs were adjudged against plaintiff, and defendant was also awarded a judgment against plaintiff for $45, with foreclosure of lien on the motorcycle. It was provided that if the motorcycle was not delivered to the sheriff as provided in the judgment, then the judgment against defendant should be credited with said $45. Plaintiff paid the costs adjudged against him, and after the ten days had expired credited his judgment with $45, and on March 17, 1916, had an execution issued, which was returned into court without any official return thereon. On May 4, 1916, plaintiff procured the issuance of another execution and delivered same to the sheriff, who refused to execute the same. Thereupon plaintiff brought this suit against the sheriff, J. S. Scarborough, praying for a writ of mandamus compelling the sheriff to levy the execution, alleging the facts above detailed, and that T. E. Delbridge and his sureties, against whom said

judgment had been rendered, had property liable to execution, and further alleging that said T. E. Delbridge did not within ten days after the rendition of the judgment deliver said motorcycle to the sheriff of the court in which such judgment was rendered, and that said sheriff did not within ten days after the rendition of said judgment receive said motorcycle nor receipt to said defendant therefor, and that said defendant did not within ten days after the rendition of the judgment file with the papers in said cause the receipt of the sheriff as is provided by law in order that he could be credited by the clerk with the value of such motorcycle. The petition was duly verified.

The sheriff answered that within ten days after the rendition of said judgment T. E. Delbridge came to the house of Clete Stoops, deputy sheriff of Kleberg county, residing at Riviera, Tex. (being the officer who executed the writ of sequestration issued in said cause and who accepted the replevy bond of Delbridge and his sureties), and announced to said officer that he desired to return said motorcycle to him and was ready to do so at once; that at said time said Stoops was confined to his bed with a serious illness and was absolutely unable to leave his bed and unable to inspect said motorcycle and see that it was in as good condition as it was at the time it was replevied by the defendant; that said Stoops directed Delbridge to leave the motorcycle where it was and agreed that it should be considered as duly and legally returned into possession of the sheriff, and stated that as soon as he was physically able to do so he would inspect it and if found to be in as good condition as it was when replevied, it should be accepted in full satisfaction of the replevy bond and of the judgment rendered by the court; that on or about the 11th day after the rendition of such judgment Stoops, in compliance with his agreement, took such motorcycle into his actual manual possession, inspected same, and found it to be in as good condition as when replevied, and that said Stoops has issued to defendant a receipt therefor. It further appeared from the answer that the first execution was not levied because the sheriff had upon conferring with the county judge been advised to return the writ without executing it. It also appeared that an order of sale had been issued directing the sheriff to seize and sell the motorcycle to satisfy Delbridge's judgment against Seagraves for $45. The answer was not verified.

Relator filed a general demurrer and special exceptions to the answer. He filed a motion to strike from the record of the judgment a marginal notation made on May 18, 1916, during the trial of this suit, crediting Delbridge "with $205, value of motorcycle returned to officer 5—18—16." Said exceptions, general and special, to the answer were overruled; also the motion; and judgment rendered denying petitioner the relief prayed for.

[1] This case has been briefed by both parties upon the theory that the writ of mandamus is the proper remedy to be invoked by the plaintiff when the sheriff refuses to levy an execution. We find that, if the execution requires the restitution of certain property, mandamus has been held to be the appropriate remedy. Frémont v. Crippen, 10 Cal. 212, 70 Amer. Dec. 711; North Pac. C. R. Co. v. Gardner, 79 Cal. 213, 21 Pac. 735; Webster v. Ballou, 108 Me. 522, 81 Atl. 1009, Ann. Cas. 1913B, 567.

But we find no case in which it has been held that mandamus will lie to compel the sheriff to levy an execution issued upon an ordinary money judgment. Such an execution is designed merely for the collection of plaintiff's debt, and in such cases it is held that the plaintiff has other adequate remedies at law against the sheriff for his neglect of duty. State ex rel. Bradley v. Cone, 40 Fla. 409, 25 South. 279, 74 Am. St. Rep. 150; Armstrong v. Stansel, 47 Fla. 127, 36 South. 762; Habersham v. Sears, 11 Or. 431, 5 Pac. 208, 50 Am. Rep. 481.

That the existence of an adequate common law or statutory remedy precludes resort to the writ of mandamus is so well established as to need no citation of authorities. Our Legislature has granted a remedy by enacting article 3776 (Sayles' Statutes 1914), which reads as follows:

"Should an officer fail or refuse to levy upon or sell any property justly liable to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days' previous notice thereof being given to said officer and his sureties."

This remedy is adequate, specific, and will more certainly right any wrong inflicted by the refusal to levy an execution than to compel the sheriff to try to make the money by levy and sale.

[2] If it be desired to ascertain what the rights of the parties are, in view of the occurrences taking place after the rendition of the judgment, to determine whether Seagraves' judgment is in fact satisfied or whether the sheriff's receipt and the entry of satisfaction should be canceled, and whether the order of sale in the hands of the sheriff is valid or void, such matters should, we think, be determined in a suit between the parties themselves, and not in a mandamus suit against the sheriff who holds two writs issued in the same case, one of which is bound to be void. It is true that at the time plaintiff instituted this suit no entry of satisfaction of his judgment had been made, but the sheriff had given a receipt showing its satisfaction, and we think he could have proceeded to try the issue whether in fact it was satisfied, without resorting to the writ

of mandamus. De Witt v. Monroe, 20 Tex. 289; Hollon v. Hale, 21 Tex. Civ. App. 194, 51 S. W. 900; Massie v. McKee, 56 S. W. 119; Eppstein & Co. v. Holmes & Crain, 64 Tex. 560; Bailey v. Buchanan, 126 Mo. App. 190, 102 S. W. 36.

As we are of the opinion that the statute furnishes an adequate remedy against sheriffs who fail to levy executions issued upon money judgments, it is unnecessary to decide the question involving the rights of Delbridge and his sureties who are not parties to the suit. Shrewsbury v. Ellis, 26 Tex. Civ. App. 406, 64 S. W. 700. It is proper that such questions should be left to be determined when the necessity therefor arises in a proceeding to which all are parties who are to be concluded by the decision. It is to be noted in this connection that there is a possibility that issues of fact may arise when Delbridge and Stoops testify to what took place between them.

Having held that the writ of mandamus cannot be awarded even in a case in which the sheriff offers no excuse for failure or refusal to levy an execution on a money judgment, it follows that plaintiff's petition when considered alone does not entitle him to the relief prayed for by him, so it is unnecessary to consider the effect of the failure to verify the answer. The only case in which we find the question discussed, whether the answer should be verified, is that of Watkins v. Kirchain, 10 Tex. 375, and in that case the court did not undertake to lay down any definite rule on the subject.

The judgment is affirmed.