INTERSTATE NATIONAL BANK OF TEXARKANA v. O'DWYER &
AHERN ET AL.

Delivered December 10, 1896.

**Bid at Receiver's Sale—Right to Withdraw—Mistake—Negligence.**

An order of court directed the sale by the receiver of a corporation of property in his hands, and provided that, after the payment of $5000 in cash on such sale, the remainder of the purchase price might be paid in approved claims against the corporation, and under such order a creditor bid in the real estate, relying upon the conditions of sale as stated in the order. The receiver had declared in open court that $5000 in cash would discharge all claims which had precedence of the bidder's. The master's report was subsequently filed, showing that an amount considerably larger than $5000 would be required to discharge the debts which took precedence of the bidder's. On the day following the filing of the report, the bidder applied for a confirmation of the sale, but on learning that the larger amount in cash would be required, on the same day moved to withdraw its application for confirmation. Held, that the evidence was insufficient to convict the bidder of negligence in not knowing that the larger amount would be required, before filing its application for confirmation.

APPEAL from Bowie.    Tried below before Hon. JOHN L. SHEPPARD.

*Dan T. Leary,* for appellant.

*Scott & Jones,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—On the 23rd day of October, 1893, the appellees, O'Dwyer & Ahern and H. F. Bailey, sued in the District Court of Bowie County the appellee the Texarkana Furniture Manufacturing Company, alleging, among other things, in their petition that said company was insolvent, and had, while contemplating insolvency, executed a mortgage upon all of its property to secure certain debts alleged to be due to its treasurer, P. T. Norwood, its president, T. E. Webber, and R. H. Bryant, its general manager, said indebtedness aggregating $10,000, and that said company was indebted to them, plaintiffs, in the respective sums of $676.90 and $484.44, and they prayed that a receiver might be appointed for the property of said company.

In accordance with the prayer of the plaintiffs, the judge of the District Court of said county, in chambers, appointed one R. D. Harrell receiver of the property of said defendant, and directed him to take charge of said property, and subsequently, on the 2nd day of January, 1894, the said judge ordered the receiver to operate the plant of said company and manufacture furniture, and to sell and dispose of all furniture on hand or which should be manufactured by him, and to collect and receipt for all debts due the defendant, by suit or otherwise, as necessity might require. And said judge, by another order, appointed one R. D. Hart master in chancery in said receivership, and directed him to audit all claims for labor done for said company, and all claims of intervention referred to him by the clerk of said court; and all persons holding claims against the insolvent company were ordered to file

the same with said clerk, who was directed by another order to refer said claims to said master. On the 7th day of February, 1894, appellant, in accordance with the foregoing orders, filed a petition of intervention in said suit, in which it prayed judgment for an alleged indebtedness due upon several promissory notes, aggregating $10,000, and for foreclosure of a mortgage lien on the plant of said company given April 13, 1892, to secure said indebtedness, and afterwards, to-wit, on the 1st day of March, 1894, said master in chancery found the debt due to appellant to be $11,229.15, and that the same was secured by mortgage upon the defendant's plant. To this finding of the master plaintiffs excepted. Appellant filed another petition of intervention for $25, due on notes, and for interest and attorney's fees, which the petition alleged was also secured by lien on said plant.

On the 12th of March, 1894, appellant and P. T. Norwood, also an intervener in this suit, filed an application praying for an order for the sale of the property of the defendant; and on the 4th of April, 1894, an agreed judgment was rendered by the court. By this judgment the receiver was to pay, first, all claims of interveners, secured by attachment liens upon the property of the insolvent company; second, the claims of appellant, amounting in the aggregate, including interest and attorney's fees, to $12,500, and secured by mortgages dated, respectively, April 15, 1892, and December 6, 1893; and third, other claims mentioned in the agreement should be also paid as preferred claims, after satisfaction of the foregoing and all the indebtedness the judgment directed should be paid, if practicable, within ninety days after date of the judgment.

Not having been paid any portion of his claim, the appellant, with other interveners, obtained at the following term of the court an order for the sale of the entire property, personal and real, of the insolvent company in the hands of the receiver. This order, among other things, provided that the sale of the real property would not be confirmed unless the entire property, real and personal, should bring as much as $20,000; and it further declared that, when as much as $5,000 in cash should be paid to the receiver from the sale of the personal or real property, the balance of the bid on the real property might be paid in preferred claims, which had been approved by the master in chancery. The sale of all the property was made under the order and reported to the court. The sale of the personal property was approved. The amount realized was $2,841. The sale of the real property was not approved by the judge of the court, the amount of the bid being only $8,640. This was the only bid, and the appellant was the bidder. The bidder, in accordance with a provision of the order of sale, deposited with the receiver 25 per cent of his bid. The judge, in chambers, on the 10th day of December, 1894, refused to confirm the sale, and ordered the amount deposited by appellant with the receiver on the bid, to-wit, $2,160, returned to appellant, which was done. With permission of the court, the amount was again deposited by appellant with the

clerk in January, 1895, pending appellant's application to have the sale confirmed. On the 29th of March, 1895, appellant filed its application in court praying a confirmation of the sale; and on the same day it filed an application to be permitted to withdraw its application for confirmation of the sale, and to have restored to it the 25 per cent of its bid which had been deposited with the clerk of the court. The application to withdraw was based upon the grounds that appellant bid for the property under misapprehension; that it bid for the property under the belief that it would be permitted to discharge its bid, save the 25 per cent thereof required to be deposited with the receiver, in its preferred claims secured by mortgage liens on the property against the insolvent company; and that it was under this belief when it made the deposit of $2,160 with the clerk of the court, and when it made its application to have the sale confirmed, and that appellant did not discover until the day on which its applications were filed in court that several thousand dollars in cash, in addition to what had been deposited with the clerk, would be required to pay claims against the receiver which took precedence of appellant's claim.

This application was refused by the court, and on the same day the court entered an order confirming the sale and ordering that the master in chancery, R. D. Hart, the receiver having died, make title to the property to appellant, upon payment by it of the further sum of $4,574.33; and in the event the appellant should fail to pay said sum on or before the 8th of April, 1895, the said land should be sold on the first Tuesday in May, and the order further directed that the $2,160 deposited with the clerk should be retained and applied to payment of claims due from the receiver; to all of which appellant excepted, and made tender of payment of balance of its bid in its preferred claims. On the same day the court rendered judgment confirming all judgments of the master in chancery, except the claims of the clerk and sheriff for costs, which claims were allowed in full, and judgment was rendered for the plaintiffs in the suit for their debts and costs of suit.

The refusal of the court to permit appellant to withdraw its application to have the sale confirmed, and to have returned to it the $2160 deposited with the clerk of the court, is assigned by appellant as error; and we are of opinion that the assignment must be sustained. The law on this subject is, we take it, that a creditor purchasing at a judicial sale, under the mistaken supposition that he can apply the amount of his debt to payment of his bid, may be relieved from his obligation to take the property and pay for it in money, unless his mistake was the consequence of his negligence. Rorer on Judicial Sales, sec. 567; 2 Jones on Mortgages, sec. 1651; Watson v. Hay, 28 Gratt., 698; Thomas v. Davidson, 76 Va., 338.

Applying this rule to the facts of the case, we think the court erred in not permitting the appellant to withdraw its bid, and withdraw from the clerk the money deposited with him as part of appellant's bid for the property. The evidence clearly shows that, when the sale was

ordered, the receiver declared in open court that $5000 in cash would discharge all claims against the insolvent which had precedence of appellant's bid; and, acting upon this information, furnished by its officer, the court, in the order of sale, directed that when the receiver had realized from sale of the property as much as $5000 in cash, bids might be discharged in preferred claims; and when appellant paid on his bid the $2160, the receiver had realized in cash from the property something over $5000. The appellant was the only bidder for the property, and when it filed its application to have the sale confirmed, alleging that the property was going to waste, and it was not probable that it would bring more money upon a resale than the amount bid by appellant, there is no evidence, save the fact that on the day before the application for confirmation of the sale was filed the master in chancery, in the matter of the receivership, had filed a report showing the claims unpaid, and which took precedence of appellant's debt, exceeded greatly the amount on hand for payment of said claims, that appellant knew or had reason to believe that such was the fact. The application to withdraw its bid and to have returned to appellant the sum deposited with the clerk was filed the same day that the application to have the sale confirmed was filed. This fact coupled with the sworn declaration of the attorney of appellant who presented the application, outweighs, in our opinion, the fact of the filing of the master's report in the cause on the day before, in determining the issue whether or not appellant was still under the misapprehension and believed that, upon confirmation of the sale, it would be required to pay in cash, if anything, but an inconsiderable sum, in addition to its deposit. The evidence is insufficient to convict appellant of negligence in not knowing, before filing its application for a confirmation of the sale, that a large sum over and above the amount in hands of the receiver, including the deposit on its bid, would be required to pay claims having priority over appellant's claim. Nor should appellant, under the circumstances, have been denied the relief prayed for because the prayer was not made (if that be in fact so, as insisted by appellee) until after the sale had been confirmed. The relief was sought, as we have seen, the same day on which confirmation was asked and on which the sale was confirmed; and, as we construe the record, both applications were considered and determined at the same time. Watson v. Hay, 28 Gratt., 698; Thomas v. Davidson, 76 Va., 338.

We decline to consider other assignments, and for the error indicated, the judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*