## M. H. Shanley et al. v. S. B. York.

Decided February 26, 1909.

### 1.—Execution Sale—Failure to Comply with Bid—Statute Construed.

The penalty of twenty percent of the value of the property levied on, prescribed by article 2381, Rev. Stats., for failure on the part of a bidder at execution sale to comply with his bid, is for the benefit of the plaintiff in execution. But to the defendant alone belongs the right of action to recover from such bidder the difference between the amount of his bid and the amount for which the property may be sold at a second execution sale.

### 2.—Same—Injunction—Satisfaction of Judgment.

At an execution sale under a judgment in favor of S against Y, the land levied on was bid in by R who failed to comply with his bid. S sued R for the statutory penalty of twenty percent of the value of the property and the difference between the amount of said bid and the amount for which the land sold at a second execution sale, and recovered judgment for and collected both amounts. Held, the amount collected by S for the difference between the amounts of the two bids, being in equity the property of Y, the defendant in execution, should be applied as a credit on the judgment against Y, and a court of equity will enforce such application by injunction.

Appeal from the District Court of Jackson County. Tried below before Hon. J. C. Wilson.

*Guy Mitchell* and *W. W. McCrory,* for appellants.

*O. S. York,* for appellee.

Reese, Associate Justice.—This is an appeal from a judgment of the District Court enjoining appellants, M. H. Shanley, plaintiff in execution, and A. C. Egg, sheriff, from seeking to enforce an execution upon a certain judgment in favor of appellant Shanley against appellee York, and against Shanley on his cross-action.

Shanley had sued out an execution upon a certain judgment in his favor against York in a Justice Court of Hood County, which he

claimed was unsatisfied. The execution had been placed in the hands of Egg as sheriff, who was proceeding to enforce the same by levy and sale of York's property, when York instituted this action to restrain them, and obtained a temporary injunction. In his petition York alleges that the judgment had been satisfied. The grounds of this contention will appear from the findings of fact by the trial court, which are set out in full and which are not contested by appellant. By his answer appellant Shanley contended that the facts so set out in the petition did not constitute payment of the judgment and that the same was a valid, subsisting judgment.

There is no statement of facts in the record. The findings of fact are not disputed, appellant resting his appeal upon the contention that the conclusions of fact do not support the conclusions of law nor the judgment.

The conclusions of fact of the trial court, here adopted by us, are as follows:

"1. On the 31st of October, 1898, M. H. Shanley, in a suit numbered 654 and styled M. H. Shanley v. S. B. York, in the Justice of the Peace Court of precinct number one of Hood County, Texas, recovered a judgment against the plaintiff herein, S. B. York, for the sum of $151.50, with ten percent interest thereon from the date of said judgment, and all costs of suit.

"2. An abstract of this judgment was duly and regularly filed and recorded in the office of the county clerk of Jackson County, Texas, on the 27th day of February, 1899.

"3. Execution was issued on said judgment soon thereafter and levied upon the land of said S. B. York in Jackson County, Texas, and said land was by the sheriff of said Jackson County sold under said execution on the 6th day of February, 1900, and one C. Redman bid same in at said sale for the sum of $165.

"4. Said C. Redman failed and refused to comply with the terms of said sale, and thereafter there was a second sale of said land, at which said land was sold for the sum of $1.

"5. Soon after said second sale M. H. Shanley filed a motion in said Justice of the Peace Court of precinct number one of Hood County, Texas, in said suit No. 654, against C. Redman for twenty percent on the value of said property on which C. Redman had bid the sum of $165, and also for the sum of $164, which was the difference between the prices it sold for on the first and second sales, and on the 30th of October, 1900, M. H. Shanley recovered a judgment in said Justice of the Peace Court of precinct number one of Hood County, Texas, on said motion in said suit No. 654, against C. Redman, for the sum of $33, as a penalty of twenty percent 'on the value of the land sold under execution, for his failure to comply with his bid thereon,' and the further sum of $164, 'difference in the price realized upon the sale of said land under second sale from the sale wherein it was purchased by said C. Redman;' also six percent interest on said amounts from the date of said judgment.

"6. From said last-mentioned judgment of the Justice of the Peace Court of precinct number one of Hood County, Texas, C. Redman appealed to the County Court of Hood County, Texas, in which

court, upon a trial of cause, a judgment was rendered in favor of said M. H. Shanley against C. Redman for said sums of $33 penalty, and $164 difference in the price of the land at the first and second sales thereof. This last judgment the said C. Redman paid off in full, as shown by the receipt of the sheriff of Jackson County, Texas, acknowledging the receipt from said C. Redman of the sum of $211.21, the amount of the judgment and costs and interest in case No. 414/-654, County Court, Hood County, Texas, M. H. Shanley v. S. B. York et al.'

"7. The first sale of the land of S. B. York to C. Redman by the sheriff of Jackson County by virtue of the execution issued upon the judgment for $151.50, in the Justice of the Peace Court of precinct number one of Hood County, Texas, M. H. Shanley v. S. B. York, being for payment and satisfaction of the said judgment against the said S. B. York, if said sale had been complied with by said C. Redman, the proceeds would have been applied to the satisfaction of said judgment, and would have been sufficient in amount to have satisfied said judgment, interest and costs.

"8. Execution was issued April 6, 1907, on the judgment of the Justice of the Peace Court of precinct number one of Hood County, Texas, by the justice of the peace thereof, in the cause No. 654, M. H. Shanley v. S. B. York, for $151.50, and directed to the sheriff of Jackson County, Texas, who levied said execution upon certain lands of the plaintiff, S. B. York, in Jackson County, Texas, and advertised the same for sale to satisfy said judgment and execution; plaintiff sued out a writ of temporary injunction on the ―――― day of May, 1907, to restrain said sale, and now seeks to perpetuate same."

Upon these conclusions of fact the trial court concluded, as matter of law, that appellant, not having the right to recover the difference between the amount realized upon first and second sales for his own benefit, said recovery and the payment of the judgment for this difference should be credited upon the judgment against York, and the same satisfied said judgment. The assignment of error attacks this conclusion of law.

The action invokes the equity jurisdiction and powers of the court, and the case presented, it seems to us, involves the question of whether the arm of equity, properly administered, is long enough to prevent what would clearly be an act of gross injustice, if not of positive fraud.

It is indisputably clear, and is not attempted to be denied here, that there was no right of action in Shanley to recover in his own name and for his own use, the difference between the amount bid by Redman at the first sale and the amount for which the property was sold at the second sale. Under the statute, Redman's liability was to York. (Rev. Stats., art. 2381.) He was liable to appellant for twenty percent of the value of the property levied on, by way of damages for failure to comply with his bid, to be recovered on motion in the original suit, and this appellant did recover and was entitled to. It is not pretended that appellee had in any way transferred to appellant his cause of action against Redman. Just upon what ground the court in Hood County proceeded in awarding appellant a recovery of this difference, and upon motion in the original suit, we can not determine,

but the only ground we can conceive of is, that as Redman owed York this amount and York owed Shanley the original judgment, it was sought in this way, by a species of garnishment not set down in the books, to reach and condemn this amount to be applied on the judgment against York. It is clear that by means of this proceeding appellant received $164 which really belonged to appellee. Appellee not having been a party to that proceeding, we think it clear that he could, by a timely proceeding, have compelled appellant to surrender this money. If Redman had voluntarily paid this money to appellant without appellee's consent, under the mistaken view that it belonged to appellant, appellee would have had a right of action against appellant for the recovery of the same. If A owes B and, under a mistaken belief that C is entitled to the money, A pays it to C without the consent of B, surely B could recover it from C. It is true that such payment would not relieve A of liability to B. B would have his remedy against both of them; it would not, we think, at least in equity, affect essential merits of the question that A does not voluntarily make such payment, but is compelled by a proceeding not binding on B to do so, as in this case.

The substance of the whole matter is that appellant has received and appropriated money belonging to appellee sufficient to pay the judgment. It adds to the force of appellee's contention that there is a strong suggestion that he recovered it on the ground that he was entitled to it as a creditor of appellee.

This is in no sense, we think, a collateral attack upon the Hood County judgment. Equity simply intervenes to compel that to be done which every principle of justice and fair dealing requires to be done.

We think the conclusion of the trial court was correct, and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.