### A. P. BORDEN ET AL., EXECUTORS, v. DAVID FAHEY.

Decided May 26, 1909.

**Execution Sale—Failure to Comply with Bid—Statute Construed.**

The rule of caveat emptor applies in execution sales, but article 2831, Rev. Stats. does not mean by the words "twenty percent of the value of the property thus bid off" the value of the property without regard to encumbrances on the same, but it relates to what is really sold. If the property be so encumbered that a sale under execution passes a right of no value, no recovery can be had under said article.

Appeal from the District Court of Galveston County. Tried below before Hon. Robt. G. Street.

*Stewarts, J. Homer Jones,* for appellants.

*Jno. W. Campbell,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a proceeding by motion, as is provided for by article 2381, Revised Statutes of 1895, to have the penalty denounced by the statute adjudged against the appellee on account of his failure to comply with his bid for certain property at execution sale. The court upon hearing the evidence refused to assess the penalty, and from its judgment the appeal is prosecuted.

Appellants A. P. Borden and Mamie P. Withers, executor and executrix of the estate of A. H. Pierce, deceased, the actors in this matter, in their representative capacity, on October 20, 1902, recovered a judgment in the District Court of Galveston County against John N. Stowe, Chas. H. Hughes and C. S. Vidor for the sum of $2,147.23, together with interest and costs of suit. An abstract of the judgment was duly filed and recorded in the office of the county clerk of said county on the 25th day of the same month it was rendered. The judgment was kept alive by timely issuance of executions, and on March 20, 1908, a pluries execution was issued thereon and placed in the hands of J. F. Moran, constable, by virtue of which he, on March 21st, levied on all the right, title and interest which the defendant therein, John N. Stowe, had in lot 4 and the east one-half of lot 3, block 562, and the improvements thereon in the city of Galveston, on October 20, 1902, or at any time thereafter, and advertised the same for sale according to law, and in accordance with the advertisement, on Tuesday, May 5, 1908, he offered the property for sale in compliance with the advertisement. At the sale it was struck off to the appellee, David Fahey, at $1,050, his being the highest and best bid therefor. Afterwards, on May 11, 1908, a deed was tendered by the constable who made the sale to Fahey and demand made on him for the amount of his bid. He refused to accept the deed or to pay the sum of money which he bid for the property. Whereupon the property was re-advertised and sold the

next succeeding sale day to another party for the sum of $625. At the time of the sale at which it was struck off to appellee the value of the entire property was $8,000, the interest of Stowe being an undivided one-eighth thereof. There was a deed of trust on the property made by Stowe on October 11, 1902, which was duly recorded on the 20th of that month, on his interest to secure Mrs. Cora P. Gulwest in the payment of the sum of $1,500, evidenced by his promissory note to her, with interest at eight percent per annum. About noon of the day of the constable's sale, and just before it was made, his one-eighth interest in the property was sold under said deed of trust, which was a prior lien to plaintiffs' judgment, and bought in by Mrs. Gulwest for the sum of $1,000. The appellee had been informed that such sale would be made on that day and went to the courthouse for the purpose of bidding for the property at the sale under the trust deed. But the sale had been made just before he got there, which fact he never knew until after the property was knocked off to him at the constable's sale. He was not present when the constable read the execution and announced he would sell the property by virtue of it, having necessarily stepped aside for purposes of his own; but on his return the constable was crying bids on the property—the bid just called being for $1,000, made by one of plaintiffs' counsel—and being informed that it was the property upon which said deed of trust was given, ignorant of the fact that it had been sold thereunder, and under the belief that the sale was being made under the deed of trust instead of by virtue of an execution, he in good faith raised the bid from $1,000 to $1,050, which was accepted by the constable and the property struck off to him.

The lots sold were owned in undivided interests by about eight parties, their title having been taken in the name of Stowe for convenience. And the title so stood in his name on the records of deeds of the county from the time of their purchase, subject to a recorded vendor's lien of about $2,000. Stowe's original interest was one-fourth, one-half of which he conveyed by absolute deed to Mrs. Gulwest, and on the other half, one-eighth of the whole, he had given the deed of trust under which it was sold at trustee's sale, as before stated. Both these conveyances were duly recorded before plaintiffs' judgment was recovered, and such was the state of the record at the time the abstract of it was recorded. It was for the reason of the prior sale, made on the same day under the deed of trust, that appellee refused to accept the deed tendered by the constable and pay the amount of his bid.

It is thus seen that Stowe's interest in the property, encumbered by a deed of trust for $1,500, was only one-eighth of the property levied upon by virtue of the execution, and that a purchaser under the execution would only take by virtue of his purchase an equity of redemption to such interest. The total value of the entire property at the time of sale being $8,000, the value of the one-eighth interest of Stowe was $1,000, a sum $500 less than the debt secured by the prior lien, which would render the equity of redemption valueless.

The rule of *caveat emptor* applies in execution sales; but it is held that article 2831, Revised Statutes of 1895, does not mean by the words "twenty percent of the value of the property thus bid off" the value of the property unencumbered, unless it be unencumbered, but

that it relates to what is really sold. And if it be so encumbered that the sale passes a right of no value, no recovery can be had under said article. Towell v. Smith, 55 S. W., 186.

Therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.