ARCHENHOLD CO. v. SCHAEFER.
(No. 5950.)

(Court of Civil Appeals of Texas. Austin. June 19, 1918.)

1. EXECUTION ⬅238 — SALE — FAILURE TO COMPLY WITH BID—PENALTY.
    Rev. St. 1911, art. 3771, providing that if any person shall bid off property under execution, and shall fail to comply with bid, he shall be liable to pay 20 per cent. of value, does not apply if nothing is really sold, as where property of execution defendant passed into custody of bankruptcy court by filing of petition on third day before sheriff attempted to sell.

2. BANKRUPTCY ⬅151—PROPERTY OF BANKRUPT—CUSTODIA LEGIS.
    The property of a bankrupt is in custodia legis with the court of bankruptcy from time of filing of petition.

3. BANKRUPTCY ⚜198—ADJUDICATION—VACATION OF LIENS—STATUTE.

By Bankruptcy Act 1898, § 67 (U. S. Comp. St. 1916, § 9651), all liens obtained within four months prior to the adjudication in bankruptcy, whether voluntary or by process of a state court, and whether the proceedings in bankruptcy be voluntarily or involuntarily begun, are vacated by the adjudication of bankruptcy.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by the Archenhold Company against H. Schaefer. From a judgment for defendant, plaintiff appeals. Affirmed.

Nathan Patten, of Waco, for appellant. Allan D. Sanford, of Waco, for appellee.

### Findings of Fact.

JENKINS, J. On January 5, 1917, appellant recovered a judgment against H. Schaefer for $687.94. On February 1, 1917, an execution was issued thereon to McLennan county, which was returned nulla bona. On the same day an alias execution was issued to Fayette county, by virtue of which the sheriff of that county on February 10, 1917, levied upon certain personal property as the property of said Schaefer, and after advertising the same as required by law, he offered same on February 26th to the highest bidder, and the same was struck off to appellee on his bid of $700. Shortly after making the said bid, appellee learned that Schaefer's petition in bankruptcy had been filed in the federal court at Houston on February 23, 1917, and he thereupon declined to pay for said property. Appellant brought this suit to recover of appellee 20 per cent. of the value of the property upon which said bid was made. The trial court found said property to be of the value of $1,650, but entered judgment for appellee.

### Opinion.

[1] Article 3771 of the Revised Statutes is as follows:

"If any person shall bid off property at any sale made by virtue of an execution, and shall fail to comply with the terms of the sale, he shall be liable to pay the plaintiff in execution twenty per cent. on the value of the property thus bid off, besides costs, to be recovered on motion, five days' previous notice of such motion being given to the defendant; and, should the property, on a second sale bring less than on the former, he shall be liable to pay to the defendant in execution all loss which he sustains thereby, to be recovered on motion as above provided."

If the property was taken out of the custody of the sheriff by reason of the proceedings in bankruptcy, he had nothing to sell. If nothing is really sold, article 3771 does not apply. Towell v. Smith, 55 S. W. 186; Borden v. Fahey, 56 Tex. Civ. App. 218, 120 S. W. 564; Hollon v. Hale, 21 Tex. Civ. App. 194, 51 S. W. 900; Bank v. O'Dwyer, 38 S. W. 368.

[2] The property of a bankrupt is in custodia legis with the court of bankruptcy from the time of the filing of the petition. Gee v. Parks, 193 S. W. 769, 770; Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1307; Kopplin v. Ludwig, 170 S. W. 106; Acme Co. v. Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 213; Ledgerwood v. Dashiell, 177 S. W. 1013; Carter v. Robertson, 198 S. W. 791; Conner v. Long, 104 U. S. 228, 26 L. Ed. 723.

[3] All liens obtained within four months prior to the adjudication in bankruptcy, whether voluntary or by process of a state court, and whether the proceedings in bankruptcy be voluntarily or involuntarily begun, are vacated by the adjudication of bankruptcy. Section 67f, Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 564 (U. S. Comp. St. 1916, § 9651); Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 969, 970; Conner v. Long, 104 U. S. 228, 26 L. Ed. 723; In re Southern Arizona Smelting Co., 231 Fed. 87–91, 145 C. C. A. 275; Wright v. St. Louis, I. M. & S. R. Co., 142 Mo. App. 50, 125 S. W. 517; Bank v. Malley, 103 Tex. 562, 131 S. W. 1066. Brandenburg on Bankruptcy, pp. 646, 666–668, 670.

Such being the effect of the bankrupt law, the property of Schaefer passed into the legal custody of the bankrupt court on the third day before the sheriff attempted to sell the same; the lien obtained by virtue of the levy of the execution was released; the sheriff had nothing to sell; he was not in the legal possession of such property, and could not deliver the legal possession thereof to the purchaser. For these reasons, article 3771 of the Revised Statutes does not apply, and the trial court rendered the proper judgment.

No error appearing of record, the judgment of the trial court herein is affirmed.

Affirmed.