## ADAMS v. SHEFFIELD. (No. 1201.)

(Court of Civil Appeals of Texas. Beaumont. March 30, 1925. Rehearing Denied April 8, 1925.)

1. **Bankruptcy** ⊂⊃36 — **Judgment of federal court in bankruptcy proceeding held not void as having been rendered after adjournment.**

Judgment of federal court in bankruptcy proceeding *held* not void as having been rendered after adjournment as federal courts sitting in bankruptcy matters are always open for entry of orders and judgment in such proceedings.

2. **Bankruptcy** ⊂⊃211—**Federal court held to have jurisdiction of estate in bankruptcy to exclusion of jurisdiction of state court.**

Where property of debtor was attached and ordered sold shortly before bankruptcy, bankruptcy court *held* to have acquired jurisdiction of estate in bankruptcy to exclusion of state court, and therefore state court was without jurisdiction of suit in trespass to try title against trustee in bankruptcy and one claiming under attachment sale subsequent to bankruptcy adjudication.

Appeal from District Court, Hardin County.

Suit by L. M. Adams against F. M. Sheffield, trustee in bankruptcy. Judgment for defendant on plea to jurisdiction of court, and plaintiff appeals. Affirmed.

B. L. Aycock, of Kountze, for appellant.
Geo. Chilton, of Beaumont, for appellee.

O'QUINN, J. Appellant filed this suit in the district court of Hardin county, Tex., in the ordinary form of trespass to try title to recover from appellee, trustee in bankruptcy of the estate of L. G. Foxworth, bankrupt, the title and possession of certain real estate, being lots and tracts of land in the town of Kountze in Hardin county. Appellant alleged that appellee, said trustee in bankruptcy, entered into the possession of the land on about January 1, 1924, and ousted appellant from the possession of same, and claimed damages in the sum of $1,000. Appellee filed a plea to the jurisdiction of the court, which was sustained and appellant's suit dismissed.

The record discloses the following:

On October 28, 1920, appellant sued L. G. Foxworth in the county court of Hardin county, Tex., and attached the land in question. At the November term of said county court, appellant obtained a judgment against Foxworth and an order foreclosing the attachment on the land. Order of sale was issued, and on January 4, 1921, the land was sold, appellant bidding it in for the sum of $850, and the sheriff made appellant a deed thereto. On January 1, 1921, Foxworth was duly adjudged a bankrupt in the district court of the United States for the Eastern District of Texas, and appellee, Sheffield, was appointed and qualified as trustee of the estate of said bankrupt, and is now the duly qualified and acting trustee of said estate. Within four months prior to the filing of the petition in bankruptcy, appellant caused the attachment to be run on the property here in question, and after obtaining judgment as above stated caused said land to be sold under execution on January 4, 1921, three days after the adjudication in bankruptcy. A controversy arose between said trustee and appellant as to their respective rights and title to the property for which appellant here sues, and said trustee instituted proceedings in the District Court of the United States for the Eastern District of Texas for the determination of the question. After a full hearing of the matter in said court, first before the referee in bankruptcy, and afterwards on appeal before the judge of said court, it was therein adjudged that the sale of the land in question by the sheriff under execution, after the adjudication in bankruptcy, was void and vested no right or title in appellant; that appellant's claim to said land was without right and unfounded in law; and that the acts of appellant in asserting and urging claim to said land was an unwarranted interference with the sale of said property by said trustee. In said proceedings it was decreed that the attachment, the levy and sale on January 4, 1921, and the sheriff's deed to appellant were avoided by the bankruptcy adjudication and were adjudged null and void, and appellant was enjoined from further asserting any right or title to said land as against the right and title of the trustee in bankruptcy.

[1] Appellant's first proposition is that the court erred in sustaining the plea to the jurisdiction of the court and dismissing the suit, because the judgment of the federal court annulling and holding void the attachment, execution sale, and sheriff's deed was itself void, having been rendered out of term time—after the term of the court had adjourned.

Appellant contends that the judgment of the federal court at Beaumont, in which the proceedings were had, wherein the attachment, execution sale, and sheriff's deed were

declared to be void, is void because the term of the federal court at Beaumont had adjourned before the judgment was rendered, and that said judgment was rendered by the judge of said court at Texarkana after said adjournment.

Appellant bases the contention that the judgment of the federal court was rendered out of term time on a letter written by the judge of said court, Hon. W. L. Estes, to the clerk of said court, dated at Texarkana, Tex., June 5, 1924, purporting to inclose the judgment in said cause, when the term of the court in question had adjourned on June 2, 1924. Appellant evidently misread the letter. There is a copy of the letter in the record, and it shows that it was dated at Texarkana June 5, 1924, but it is relative to and inclosed a judgment in a different matter in bankruptcy, to wit, the case of Sheffield, Trustee, v. C. W. Pate. The record contains a copy of the judgment questioned by appellant, and it shows that same was rendered, filed, and recorded on June 2, 1924, the day that the court adjourned. Moreover, as a matter of practice, under federal procedure, when federal courts are sitting in bankruptcy matters, there are no terms of court. The court is always open for the entry of such orders and judgments as may be necessary and proper in the course of the administration of the bankrupt estate. Remington on Bankruptcy (2d Ed.) §§ 431 and 858; Black on Bankruptcy (3d Ed.) § 31. Black says:

"On the contrary, the courts of bankruptcy are always open for the transaction of bankruptcy business, and may at any time hear petitions and motions in bankruptcy proceedings proper. In fact, a proceeding in bankruptcy from the filing of the petition until the final settlement of the estate is but one suit, and the district court for all purposes of its bankruptcy jurisdiction is always open. * * * It is not necessary for the clerk of a district court to make an entry showing the opening and closing of court when he enters proceedings in bankruptcy cases."

The assignment is overruled.

[2] Appellant's second assignment asserts that the court erred in sustaining the plea to the jurisdiction of the court and dismissing the suit, because the federal court had no jurisdiction to hear and determine the matter in which it rendered judgment avoiding the attachment of plaintiff and the sale under execution and sheriff's deed to appellant to the land in question; for in that the state court (the court out of which the attachment was issued) had by its writ of attachment first obtained jurisdiction over the property, which it retained.

Appellant insists that, as the trustee in bankruptcy did not seek to terminate the jurisdiction of the state court, or to stay same, by appearing in the state court and under proper proceedings supersede further proceedings by the state court in the matter, until this was done the federal court in bankruptcy causes, as well as in other causes, could not acquire jurisdiction of the property.

To this contention appellee replies:

"Upon the filing of the petition and the adjudication of L. G. Foxworth as bankrupt on January 1, 1921, the property of his estate in bankruptcy, including the property described in plaintiff's petition, became subject to the jurisdiction of the said District Court of the United States. From that time the said property was in custodia legis in said court, and said court had the jurisdiction to hear, determine, and adjudicate controversies of the nature here shown with reference to said property. This jurisdiction has been exercised and proceedings duly filed in the said United States District Court, and the attachment, sale, and deed declared, adjudged, and decreed to be null and void as against the trustee in bankruptcy, and the said L. M. Adams has been enjoined from asserting and claiming the right and title in or to said property as against the trustee in bankruptcy, the defendant herein. Under these circumstances the district court of Hardin county, Tex., was without jurisdiction of the suit of plaintiff against the trustee in bankruptcy, and very properly declined to entertain the same."

The contention of appellee is sound. Under the facts shown the district court of Hardin county was without jurisdiction of appellant's suit against the trustee in bankruptcy. The court did not err in sustaining the plea to the jurisdiction and dismissing the suit. Acme Harvesting Company v. Beekman Lumber Company, 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Lazarus v. Prentice, 234 U. S. 266, 34 S. Ct. 851, 58 L. Ed. 1307; Archenhold Company v. Schaefer (Tex. Civ. App.) 205 S. W. 139; Coppard v. Stanush (Tex. Civ. App.) 258 S. W. 254; 3 R. C. L. 21, p. 181, § 21; Remington on Bankruptcy (2d Ed.) §§ 1429, 1599, 1600.

The judgment is affirmed.