## GILLILAND v. CARDINAL.
### No. 3680.

Court of Civil Appeals of Texas. Amarillo.

Nov. 18, 1931.

Rehearing Denied Dec. 16, 1931.

James W. Witherspoon, of Hereford, for appellant.

Jeff D. Ayres, of Floydada, for appellee.

RANDOLPH, J.

This is a garnishment suit which was tried in the district court of Floyd county, Tex. The trial court rendered judgment in favor of garnishee, and the plaintiff in garnishment has appealed therefrom.

A suit was filed in the district court of Deaf Smith county by the appellant herein, Carl Gilliland, against Peter Cardinal, numbered on the docket of that court 1749, to recover on a note and to foreclose a vendor's lien upon certain described land. The trial court rendered judgment in favor of said plaintiff, and foreclosed said lien. Order of sale was duly issued under said judgment and placed in the hands of the sheriff of Deaf Smith county for execution. He duly advertised the land for sale as provided by law, and at public sale the garnishee herein, R. Cardinal, bid the sum of $1,975 for said land. The sheriff of Deaf Smith county thereupon executed and tendered to said R. Cardinal a deed conveying said land to him, and said R. Cardinal, as such bidder, thereupon refused to comply with his bid, and refused to pay over to the sheriff the amount thereof. On the same date, the sheriff, upon such refusal to pay the amount of the bid by the said R. Cardinal, again sold the land at public outcry, as required by law, and at such second sale the land was sold to the plaintiff Gilliland for the sum of $1,000, and a deed from the sheriff was duly delivered to said Gilliland, leaving a balance between the sum of $1,975 and $1,000, of $975.

Thereafter the plaintiff wrote the following letter to R. Cardinal, the maker of the first bid, which letter is in words and figures as follows:

"Carl Gilliland,
"November 30, 1929.
"Mr. R. Cardinal, Floydada, Texas.

"Dear Sir: I obtained a judgment in the District Court of Deaf Smith County, Texas, against Peter Cardinal for something like $2800.00, and a foreclosure of a vendor's lien on the property I sold him, and afterwards the Clerk of the District Court issued an order of sale on said judgment and placed it in the hands of Mr. J. T. Cunningham, Constable, Justice Precinct Number One, for execution.

"Cunningham levied the order of sale on the property, advertised it for sale, and in the forenoon of November 5th, 1929, which was

the first Tuesday in said month, offered the property for sale to the highest bidder for cash, at the courthouse door in Hereford, Texas, and you, being the highest bidder, your bid being $1975.00, the Sheriff knocked it off to you, but you refused to accept the conveyance and comply with your bid, and after you refused to do so, the Sheriff, on the same day, resold the property and I bid it in.

"Article 3821 provides that any person bidding in property at an execution sale, and fails to comply with his bid and pay the amount thereof to the officer, he shall be liable to the plaintiff in the execution for twenty per cent. of the value of the property thus bid therefor, besides costs, to be recovered on motion of the party.

"Under. this law, on account of your refusal to comply with your bid and pay the amount thereof to the officer, you are indebted to me twenty per cent. of the value of the property and costs, which amount is some $50.00 or $60.00, and it is my opinion that the value of the property is $2500.00 or more, and on a $2500.00 valuation, which is the very least that anybody would value the property at, you are indebted to me in the sum of $500.00, and in addition thereto something like $50.00 costs, which would make $550.00, and if the property was not worth more than you bid, $1975.00, you would then owe me $395.00 and costs.

"Now, Mr. Cardinal, I expect you to pay me the amount that the law provides, and unless you do so at once, I shall proceed to file a motion in the case here, and collect it from you. However, as a compromise proposition, if you will send me at once the twenty per cent. of your bid, to-wit: $395.00, I will release you from any further obligation to me on your bid, but if you do not do so, I will expect you to pay the entire amount the law requires you to pay, and I will take immediate action to enforce the payment of it.

"I am mailing copy of this letter to your son, Peter Cardinal.

"Truly,

"Carl Gilliland."

The sum agreed to be accepted by the plaintiff in this letter was thereupon paid to him by R. Cardinal.

On January 4, 1930, the plaintiff Gilliland filed his suit in the district court of Deaf Smith county, being cause No. 1796, styled Carl Gilliland vs. R. Cardinal, garnishee, and cause a writ to be issued to Floyd county, Tex., the residence of said R. Cardinal, which writ of garnishment was duly served and returned to the district court of Deaf Smith county. This garnishment proceeding was ancillary to the suit of Carl Gilliland vs. Peter Cardinal, No. 1749.

In due time the garnishee, R. Cardinal, filed his sworn answer to the writ of garnishment, denying any indebtedness due from him or by him to Peter Cardinal.

Upon the filing of garnishee's answer denying his indebtedness to Peter Cardinal, the plaintiff filed his controverting affidavit, in which he set up his judgment, the proceedings set out above, and pleaded that, by reason of such fact, the said R. Cardinal was indebted to Peter Cardinal in the amount of the excess of his bid over the sum for which the land sold to the said Carl Gilliland, and that as such debtor the garnishee was liable to the plaintiff by reason of the service of the writ of garnishment herein.

The district court of Deaf Smith county transferred the garnishment suit to Floyd county, the county of garnishee's residence. The cause was there tried in the district court of that county, and such court rendered judgment against the plaintiff and in favor of the garnishee; and plaintiff has, as stated, appealed to this court.

■ The garnishee, R. Cardinal, contends and pleads that the payment of the twenty per cent. provided by the statute for the plaintiff's recovery, where the bidder fails to pay the amount of his bid, was an accord and satisfaction of all claims due by him because of his failure to pay the amount of his bid. It is true that the letter above quoted proposes that the plaintiff will release the garnishee as a compromise from "any further obligation to me on your bid," but it also appears that the plaintiff was asserting his right to collect the costs in the case, and that his proposition involved the surrender of his claim to recover the costs. Further, the release was to be only for the amount due and owing from garnishee to plaintiff. There is not one word in the letter by which plaintiff promises to release Peter Cardinal, the defendant in the suit. As the debt was due from the garnishee to the plaintiff, and plaintiff's proposition, was to accept the amount so due to him, the language did not include a debt owing by the garnishee to Peter Cardinal.

The question is presented by the plaintiff that, by reason of the bid of garnishee, he, the garnishee, became a debtor to his son, the then owner of the land sold under the order of sale, and that he, the plaintiff, should have been granted judgment against the garnishee for the amount of the excess between his bid and the bid under which the land finally sold.

Article 3821, Revised Civil Statutes of Texas, 1925, provides as follows: "If any person shall bid off property at any sale made by virtue of an execution, and shall fail to comply with the terms of the sale, he shall be liable to pay the plaintiff in execution twenty per cent on the value of the property thus bid off, besides costs, to be recovered on motion, five days notice of such motion

being given to such purchaser; and should the property on a second sale bring less than on the former, he shall be liable to pay to the defendant in execution all loss which he sustains thereby, to be recovered .on motion as above provided."

The plaintiff had no claim against the garnishee, except for the twenty per cent. provided for him. Hence he could not, by the language of his letter, have been asserting any right to the indebtedness of the garnishee to his son Peter Cardinal. There was no transfer of such right from Peter Cardinal to the plaintiff, and none claimed.

██ In the case at bar, under article 3821, the first provision undoubtedly is a penalty which is provided for the plaintiff's recovery. In the second provision, it is clearly provided, not as a penalty, but as a measure of loss suffered by the defendant in execution for the bidder's refusal to comply with his bid.

.In the case of Shanley v. York, 54 Tex. Civ. App. 214, 118 S. W. 146, 148, a judgment was rendered in favor of Shanley against York, and an execution was issued and levied on land belonging to York, the defendant in the original suit, and the land was sold at public outcry as provided by law. At the sale, one Redman bid ·the land in for the sum of $165. Redman refused to comply with his bid, and thereafter a second sale was had, and the land was sold for $1. Soon after said second sale, Shanley filed a motion in the original suit against Redman for twenty per cent. of the value of the property on which Redman had bid, and also for the sum of $164, the difference between Redman's bid and that for which the property sold. The justice court rendered judgment on said motion against Redman for the sum of twenty per cent., and for $164, the amount of the difference between the bids, with six per cent. interest. On appeal by Redman to the county court, judgment was again rendered in favor of Shanley and against Redman for both sums, and Redman thereupon paid off the full judgment.

It is apparent from this statement that Shanley had recovered in the second amount a sum due and owing by Redman to the defendant York, and so provided in the statute. Redman then having paid off the judgment in full, it is further apparent that, if he had complied with his bid in the first instance, such sum would have been more than sufficient to have discharged the debt in full. Thereafter, notwithstanding this payment of the judgment in the county court by Redman, the plaintiff, claiming that such judgment was unsatisfied, sued out another execution thereon, which was placed in the hands of the sheriff, who was proceeding to enforce it when York, the defendant, instituted this action to 'restrain them, because, as contended, the judgment had been discharged by Red-

man's payment. The Court of Civil Appeals on this statement held:

"Upon these conclusions of ·fact the trial court concluded, as. matter of law, that appellant, not having the right to recover the difference between the amount realized upon first and second sales for his own benefit, said recovery and the payment of the judgment for this difference should be credited upon the judgment against York, and the same satisfied said judgment. The assignments of error attack this conclusion of law. The action invokes the equity jurisdiction and powers of the court, and the case presented, it seems to us, involves the question of whether the arm of equity, properly administered,· is long enough to prevent what would clearly be an act of gross injustice if not of positive fraud.

"It is indisputably clear, and is not attempted to be denied here, that there was no right of action in Shanley to recover in his own name, and for his own use, the difference between the amount bid by Redman at the first sale and the amount for which the property was sold at the second sale. Under the statute Redman's liability was to York. Rev. St. 1895, art. 2381. He was liable to appellant for 20˙ per cent. of the amount of the judgment, by way of damages, for failure to comply with his bid, to be recovered on motion in the original suit, and this appellant did recover, and was entitled to. It is not pretended that appellee had in any way transferred to appellant his cause of action against Redman. Just upon what ground the court in Hood county proceeded, in awarding appellant a recovery of this difference, and upon motion in the original suit, we cannot determine, but the only ground we can conceive of is that, as Redman owed York this amount, and York owed Shanley the original judgment, it was sought in this way, by a species of garnishment, not set down in the books, to reach and condemn this amount to be applied on the judgment against York. It it clear that by means of this proceeding appellant received $164 which really belonged to appellee. Appellee not having been a party to that proceeding, we think it clear that he could, by a timely proceeding, have compelled appellant to surrender this money. If Redman had voluntarily paid this money to appellant, without appellee's consent, under the mistaken view that it belonged to appellant, appellee would have had a right of action against appellant for the recovery of the same. If A. owes B., and, under a mistaken belief that C. is entitled to the money, A. pays it to C., without the consent of B., surely B. could recover it from C. It is true that such payment would not relieve A. of liability to B. B. would have his remedy against both of them. It would not, we think, at ˙ least in equity, affect essential merits of the question that A. does not voluntarily make such payment, but is compelled, by a proceed-

ing not binding on B., to do so, as in this case. The substance of the whole matter is that appellant has received and appropriated money belonging to appellee sufficient to pay the judgment. It adds to the force of appellee's contention that there is a strong suggestion that he recovered it on the ground that he was entitled to it as a creditor of appellee.

"This is in no sense, we think, a collateral attack upon the Hood county judgment. Equity simply intervenes to compel that to be done which every principle of justice and fair dealing requires to be done.

"We think the conclusion of the trial court was correct, and that the judgment should be affirmed, and it is so ordered."

The Supreme Court denied a writ of error in this case.

In the case at bar, Gilliland, the plaintiff, did not attempt to recover against the defendant, but sought by garnishment to subject the debt owing by R. Cardinal, the bidder, to Peter Cardinal, the defendant in the original judgment. Hence the course indicated in the York opinion was pursued by him.

■■ An obligation becomes penal when its amount is measured neither by the obligee's loss nor the valuation of what he has given in exchange. 48 C. J. 781. We cannot therefore sustain garnishee's contention that the provisions of article 3821 for the recovery of the loss sustained by the defendant, by reason of the failure of the garnishee to comply with his bid, is a penalty, and that the right given to such owner to recover such loss is exclusively vested in him, the defendant. It is true that the twenty per cent. first provided for, as stated above, is a penalty, but the second provision creates the relationship of debtor and creditor between the bidder and the defendant, Peter Cardinal. Neither can we sustain garnishee's contention that the sum so provided for defendant's recovery for garnishee's failure to comply with his bid is unliquidated, and therefore not subject to the garnishment. The statutes provide the measure of defendant's recovery, and it can be ascertained by computation or calculation. 24 R. C. L. 856. See, also, Jones et al. v. Hunt, 74 Tex. 657, 12 S. W. 832; McCarty v. Squyres (Tex. Civ. App.) 34 S. W. 356; McKinney v. Southwestern Liquor Co. (Tex. Civ. App.) 201 S. W. 1162.

We therefore hold that the garnishee was indebted to the defendant and that such debt was subject to garnishment, and we reverse the judgment of the trial court, and here render judgment for the plaintiff in garnishment, Carl Gilliland, against the garnishee, R. Cardinal, for the sum of $975, with six per cent. interest per annum from July 30, 1929, and all costs of this suit.