Archie JACKSON, Appellant,

v.

UNIVERSAL LIFE INSURANCE COMPANY et al., Appellees.

No. 5309.

Court of Civil Appeals of Texas, Eastland.

May 10, 1979.

Rehearing Denied June 7, 1979.

James G. Clement, Irving, Jimmy L. Browning, Breckenridge, William A. Myers, Olney, for appellant.

James Weeks, Byrd, Shaw & Weeks, Abilene, Bert T. McDaniel, Houston, Elliott S. Garsek, Barlow, Gardner & Tucker, Fort Worth, John Weeks, Robinson, Hanna, Moore & Holloway, Abilene, for appellees.

DICKENSON, Justice.

Archie Jackson appeals from an order which imposed a penalty pursuant to Tex.R. Civ.P. 652 for his failure to pay the amount bid at a sheriff's sale. We affirm.

Universal Fidelity Life Insurance Company and The Fort Worth National Bank of Fort Worth (judgment creditors) secured a judgment against Gaylon L. Hargrove and wife, Mary Sue Hargrove (judgment debtors), on May 24, 1977. An Order of Sale and Execution issued August 5, 1977. The judgment debtors then declared bankruptcy, and the proceedings were stayed. The judgment creditors' claims were based on promissory notes secured by liens on real property owned by the judgment debtors. On April 10, 1978, the Bankruptcy Court entered an Order which permitted the posting of notice for an execution sale on June 6, 1978, with the actual sale being subject to further orders of the Bankruptcy Court. On May 31, 1978, the Bankruptcy Court entered its Order setting aside the Stay of Enforcement and granting the judgment creditors the right to proceed with the execution sale in accordance with the Order of Sale and Execution from the District Court of Throckmorton County, Texas.

The sheriff's sale was conducted on June 6, 1978, and Archie Jackson bid $175,000 for 585.3 acres of land. Jackson gave his personal check to the sheriff, but that check was not honored by his bank. It was returned with the notation: "Insufficient Funds." The judgment creditors filed their motion pursuant to Tex.R.Civ.P. 652, and a hearing was held by the trial court on July 27, 1978. Jackson's attorney and the judgment creditors' attorneys stipulated in open court during that hearing that they had a "valid" sheriff's sale on June 6, 1978. Jackson's attorney also stipulated in open court that "if the title to the property is clear, it would be worth $175,000." Archie Jackson testified on direct examination at the hearing concerning the sheriff's sale: that he saw a bunch of people and came over; that

Don Parrish asked Jackson to bid on the place; that Parrish said he represented Lincoln Mortgage Company; that Parrish stood beside Jackson at the sale and told him how much to bid; that Parrish said it was too late to get the money there that day but that they could get the money there the next morning; that the money was not deposited to Jackson's account as Parrish had agreed. On cross-examination, Jackson admitted that: he is the same Archie Jackson that bought the property at the sheriff's sale; that his signature is on the check; that he did not have that much money in the bank; that he has not paid any money to the sheriff to make that check good; and that he made the bids.

The trial court entered an Order on September 25, 1978, granting judgment in favor of Universal Fidelity Life Insurance Company and The Fort Worth National Bank for the sum of $35,000 plus interest at the rate of 9% per annum. That Order was entered pursuant to Tex.R.Civ.P. 652 which provides that:

> If any person shall bid off property at any sale made by virtue of an execution, and shall fail to comply with the terms of the sale, he shall be liable to pay the plaintiff in execution twenty per cent on the value of the property thus bid off, besides costs, to be recovered on motion, five days notice of such motion being given to such purchaser; and should the property on a second sale bring less than on the former, he shall be liable to pay to the defendant in execution all loss which he sustains thereby, to be recovered on motion as above provided.

Jackson has briefed four points of error, contending that the trial court erred in entering judgment for the penalty because: (1) appellees waived their right to payment of the penalty by agreeing to accept payment of the bid after the day of the execution sale; (2) appellant made a "good faith" effort to pay the amount of his bid; (3) there is no finding of record as to the value of the land; and (4) the trial court lacked jurisdiction to assess the penalty because of the bankruptcy proceedings. All four points of error are overruled.

■ The record does not support Jackson's contention of waiver. On the day of the sale, Jackson signed a check for the amount of his bid and delivered it to the sheriff. The banks were closed at that time, and the check was not honored when it was presented for payment. He then became subject to the penalty.

■ Concerning the second point, we note the trial court's finding of fact that: ". . . . from the unbelievable testimony of Archie Jackson the court finds and is of the opinion that Archie Jackson bid on said land at the June 6, 1978, sale, knowing that he did not have the money to pay for same, for the purpose of hindering the judicial process of the State of Texas." Moreover, the rule does not provide a "good faith" defense when a bidder fails to comply with the terms of the sale. Jackson cites no authority for his contention that "good faith" is a defense to a motion under Tex.R. Civ.P. 652. We hold that where a bidder fails to comply with the terms of an execution sale, he becomes liable under the express provisions of the rule, whether or not he acted in good faith.

■ The third point concerns the fact that there is no finding as to the value of the land. The record in this case contains a stipulation of counsel, which was made in open court, that the property would be worth $175,000, if the title to the property is clear. This agreement is binding under Tex.R.Civ.P. 11. Jackson failed to secure a finding by the trial court as to any title encumbrance. He did not offer any proof as to the amount of any such encumbrance. This defense was waived. Tex.R.Civ.P. 299.

*Childress v. Ely and Walker,* 489 S.W.2d 628 (Tex.Civ.App.—Texarkana 1973, no writ), concerned a judgment under Tex.R. Civ.P. 652 where the bidder gave a personal check to the sheriff and then stopped payment on the check. The court said:

> A defaulting bidder is liable to the plaintiff in execution for a penalty of 20% of the net value of property bid off at execution sale under the provisions of Rule

652. Net value is determined by deducting all encumbrances from gross value. *Shanley v. York*, 54 Tex.Civ.App. 214, 118 S.W. 146 (Tex.Civ.App.1909, no writ); *Borden v. Fahey*, 56 Tex.Civ.App. 218, 120 S.W. 564 (1909, writ ref'd); error dism. *Gilliland v. Cardinal*, error dism. 44 S.W.2d 434 (Tex.Civ.App. Amarillo 1931, error dism.); Rule 652, supra. *Proof of the amount of the encumbrance was defensive in nature,* so Mr. Childress had the burden of proving the amount of the encumbrance indicated by the Financing Statement and failed to do so. The trial judge determined the property's value from the only facts proven. (emphasis added)

 The last point challenges the jurisdiction of the trial court in view of the bankruptcy proceedings. The trial court's records at the hearing on July 27, 1978, included the Bankruptcy Order of April 10, 1978, but they did not then include the Bankruptcy Order of May 31, 1978, which set aside the stay as to the execution sale on the property at issue. We note, however, that all of the attorneys of record stipulated in open court during that hearing that there was a "valid sheriff's sale on June 6, 1978."

The judgment of the trial court is affirmed.